## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01331-SCT

*RICHARD DANIELS, JR. a/k/a 'BUG'*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/24/1998 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AZKI SHAH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REMANDED FOR |
| | RE-SENTENCING - 06/24/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/15/99 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. Richard Daniels, Jr., A/K/A "Bug", was convicted and sentenced in the Coahoma County Circuit Court for the crime of capital rape in violation of Miss. Code Ann. § 97-3-65 (1994). He was sentenced to serve a term of life imprisonment in an institution under the supervision and control of the Mississippi Department of Corrections.

### STATEMENT OF THE FACTS

¶2. The victim in this case, whom we will call Cheryl[1] from this point forward, lives in Clarksdale, Mississippi, with her mother. She admittedly runs away from home on a regular basis. She testified that Richard Daniels was her boyfriend when she was thirteen years old. She was fourteen at the time of trial. She further testified that they were "going together" for "two or three weeks or months or something". Cheryl testified that she met Daniels through her ex-boyfriend's cousin, Chris. She was walking with two of

her friends when Chris and Daniels picked them up. She admitted that she gave him a fake name and told him that she was seventeen years old. She testified that she and Daniels "became boyfriend and girlfriend" that night. She further testified that they began having sex on a regular basis.

¶3. On February 13, 1998, Dale Jones, juvenile and gang investigator for the Clarksdale Police Department, went to the home of Richard Daniels, Jr. acting on a tip from a confidential informant. He found thirteen-year-old Cheryl sitting in Daniels's living room. He took both Daniels and Cheryl to the police department for further investigation. Upon questioning both Daniels and Cheryl, Jones discovered that the two were in fact having a consensual sexual relationship. Daniels was twenty nine years old. Both Daniels and Cheryl testified at trial that Daniels was under the impression that Cheryl was seventeen. They also testified that she lived with Daniels for a short period when she ran away from home. Additionally, they testified that during that period of time they engaged in sexual intercourse on a regular basis.

¶4. Daniels was tried and convicted of capital rape in violation of Miss. Code Ann. § 97-3-65 and was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. It is from that conviction and sentence that Daniels appeals asserting the following assignments of error which are taken verbatim from his brief:

> **I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL AT THE CLOSE OF THE STATE OF MISSISSIPPI'S CASE IN CHIEF AND AT THE CLOSE OF ALL OF THE EVIDENCE, AND IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, NEW TRIAL.**

> **II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT SENTENCING APPELLANT IN ACCORDANCE WITH THE AMENDED STATUTE.**

## DISCUSSION

> **I. DID THE TRIAL COURT ERR IN DENYING DANIELS' MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, A NEW TRIAL?**

> ### A. Sufficiency of the Evidence

¶5. "When the sufficiency of the evidence is challenged on appeal, this Court properly should review the Circuit Court's ruling on the last occasion when the sufficiency of the evidence was challenged before the trial court." *Wetz v. State*, 503 So. 2d 803, 807 n.3 (Miss.1987). In the case at bar, the last occasion when the sufficiency of the evidence was challenged before the trial court was when the court overruled the "Motion for Judgment of Acquittal Notwithstanding the Verdict or in the Alternative Motion for New Trial."

¶6. This Court's scope of review based on a challenge to the sufficiency of the evidence is well settled. In reviewing the trial court's denial of a motion for a judgment notwithstanding the verdict, we review the sufficiency of the evidence in the light most favorable to the state. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). All credible evidence which is consistent with Daniels's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Id.* Because matters concerning the weight and credibility of the witnesses are to be resolved by the fact

finder, this Court will reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty."*Id.*

¶7. Daniels argues that the State failed to prove (1) penetration and (2) that the intercourse took place on the dates specified in the indictment. The indictment as to Count II, for which Daniels was convicted, reads as follows:

### Count II

That RICHARD DANIELS, JR., ALSO KNOWN AS "BUG", late of Coahoma County, Mississippi, *on or about and between February 7, 1998 and February 13, 1998*, in the County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, wilfully and feloniously and rape, ravish and carnally know [the victim], a child under the age of fourteen (14) years, at a time when the said Richard Daniels, Jr. was over the age of eighteen (18) years, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi .
. . .

¶8. As to his first attack on the sufficiency of the evidence, that the State failed to prove penetration, we find that the jury was presented with sufficient evidence to find otherwise. The victim testified as follows:

Q. What type of physical contact did you have then?

A. Sex.

Q. And did you - tell us whether or not you then began to have sex on a regular basis?

A. Did we on a regular basis? Yes, sir.

From that point the victim went into specific detail in explaining what she meant by "sex". Additionally, Daniels, himself, testified that they had sexual intercourse. As to the issue of penetration, no reasonable, fair-minded, hypothetical juror could have found Daniels not guilty.

¶9. Daniels's second argument is that the State failed to prove that the criminal act took place on the dates specified in the indictment. The victim testified as follows:

Q. Now, you told us earlier that you remember the day when Dale Jones came -

A. It was Friday the 13th.

Q. That was February the 13th; is that right, a Friday?

A. Yes, sir.

Q. Now, did you and Richard have sex that day?

A. No, sir.

Q. And when was the last time before that day that you and Richard had had sex?

A. I think two days before that.

¶10. Certainly "on or about and between February 7, 1998 and February 13, 1998" as charged in the indictment includes the date two days before February 13 as the victim testified was the last date of intercourse between Daniels and herself. Additionally, even had the date alleged in the indictment been incorrect, "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, 'within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.' " *United States v. Cochran,* 697 F.2d 600, 604 (5th Cir. 1983) (citing *Russell v. United States*, 429 F.2d 237, 238 (5th Cir.1970)). *See also* *Cooper v. State*, 639 So.2d 1320, 1323 (Miss. 1994). We find that the State proved both the act of penetration and the date of the act as charged in the indictment with evidence sufficient to support the conviction. The argument that the evidence was insufficient is without merit.

## B. Weight of the Evidence

¶11. In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. *Strong v. State*, 600 So. 2d 199, 204 (Miss. 1992). A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice. *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). Accordingly, we reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial. *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997).

¶12. We find no abuse of discretion by the trial court. There was no dispute that Daniels "carnally and unlawfully knew" the child who was under the age of fourteen. The jury was entitled to find sexual penetration "on or about or between February 7, 1998 and February 13, 1998" based on Daniels own testimony, as well as the testimony of the victim. Additionally, the fact that Daniels testified that he was led by the victim to believe that she was seventeen years old is of no consequence to the finding of the jury in the case *sub judice* because neither consent nor "mistake of age" is a defense to capital or statutory rape. *Collins v. State*, 691 So. 2d 918 (Miss. 1997). Daniels's attack upon the weight of the evidence fails.

## II. DID THE TRIAL COURT ABUSE IT'S DISCRETION IN FAILING TO SENTENCE APPELLANT ACCORDING TO MISS. CODE ANN. § 97-3-65 AS AMENDED?

¶13. At the time of the criminal act, in February of 1998, Miss. Code Ann. § 97-3-65 (1994), the statute prohibiting the act of sexual intercourse by an adult with a child under the age of fourteen provided a mandatory punishment of death or imprisonment for life in the State Penitentiary. The statute was amended effective from and after July 1, 1998. Sentencing took place on August 24, 1998. At the time of sentencing the amended statute provided a sentence of "imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years." *Id.* § 97-3-65 (2)(c) (Supp. 1998).

¶14. Daniels argues that the trial court erred in failing to sentence him according to the most recent amendment of the statute which is specifically allowed by Miss. Code Ann. § 99-19-33 (1994). He claims that he should have been sentenced to no more than thirty (30) years. Before engaging in discussion of this argument, we note that the proper sentence under the new statute, as previously stated, is a sentence of "imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years" and not the no more than thirty (30) year sentence argued

by Daniels.

¶15. In its "Order Denying Motion for Judgment of Acquittal Not Withstanding the Verdict and/or in the Alternative Motion for New Trial", the trial court specifically addressed this allegation as follows:

> The allegation that this Court erred in not imposing and considering the minimum Twenty (20) year sentence as permitted by the recently amended statute, § 97-3-65, MCA is a matter this Court did consider. Having heard the evidence, the facts and circumstances of the crime and observed the Defendant and the victim, this court would in fact have sentenced the Defendant to a term of Twenty (20) years rather then [sic] life imprisonment but for the correct interpretation of the amendment to § 97-3-65, MCA permitting a sentence of less that life but not less than Twenty (20) years in the Department of Corrections.

¶16. After the discussion of this issue during the sentencing hearing, the trial court advised Daniels to appeal his sentence discussing its reasoning as follows:

> [i]n most capital rape cases, this Court would be very much in favor of the death penalty; not only a life sentence. But the facts in this case, while certainly under the statute does constitute capital rape, are considerably different from any capital rape case that I have seen before, where a child of very mature-appearing age and size has run away from home - - and apparently the police could have gone to other places she lived on these different times she'd run away from home as testified by her mother and lived with other people apparently. That's neither here nor there as to the guilt of this defendant.

> * * *

> This Court has a serious concern, I will say for the record, that this Court, if it felt comfortable in sentencing this defendant to less than life, would do so. I don't know that any of us can read between the lines and interpret *Allen*, *Ladner*, *West*, and 99-19-33 in a way that we would bet the farm on it, so to speak. Nor am I.

¶17. In ***West v. State***, 725 So.2d 872 (Miss. 1998), this Court interpreted Miss. Code Ann. 99-19-33 (1994) and held that the trial court judge does not have discretion to sentence a defendant under the law in effect at the time of the commission of the crime where the sentencing statute has been amended to provide for a lesser penalty and the amended statute is in effect at the time of the conviction. In other words, when a statute is amended before sentencing and provides for a lesser penalty, the lesser penalty must be imposed. Miss. Code Ann. § 99-13-33 reads as follows:

> **§ 99-19-33. Where penalty modified milder penalty may be imposed.**

> If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.

The trial court clearly wished to impose a lesser sentence than life but feared that it lacked the power to do so. It did not. We recognize that the source of confusion in the trial court was the law as it currently stands.

In *West v. State*, 725 So. 2d 872 (Miss. 1998), this Court specifically overruled *Allen v. State*, 440 So. 2d 544 (Miss. 1983), and having considered the matter once again at the suggestion of the State, this Court finds that the reasoning overruling *Allen* was sound and *West* is controlling on this matter. Therefore, we hold that when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended. Any precedent holding otherwise is in error. The inverse, however, neither requires, nor allows, the same action. The statute, as amended, must be ameliorative in nature before it can be applied to the sentencing of a defendant. To apply a statute that has been amended after the criminal act, which provides for a stricter punishment than the statute in effect at the time of the criminal act, would be an ex post facto application of the law and is not allowed in this judicial system. *Puckett v. Abels*, 684 So.2d 671, 673 (Miss. 1996). We affirm Daniels's conviction of statutory rape and reverse his sentence and remand this case to the Coahoma County Circuit Court for re-sentencing according to Miss. Code Ann. § 97-3-65 (Supp. 1998) as amended.

¶18. **CONVICTION OF STATUTORY RAPE AFFIRMED. SENTENCE REVERSED AND THIS CASE REMANDED TO THE CIRCUIT COURT OF COAHOMA COUNTY FOR RE-SENTENCING ACCORDING TO MISS. CODE ANN. § 97-3-65 (SUPP. 1998) AS AMENDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR**.

1. The name of the victim has been changed to protect her privacy.