# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-01661-SCT

*DEMETRIUS DIONTRA BARBER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/13/2001 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THAD BUCK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED-3/13/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a jury verdict in the Circuit Court of Clay County, Mississippi, convicting

Demetrius Diontra Barber of capital murder and sentencing him to serve life imprisonment in the custody

of the Mississippi Department of Corrections without eligibility for parole.  Aggrieved by this conviction

and sentence, Barber raises the following issues on appeal:

     I.      WHETHER THE TRIAL COURT ERRED BY REFUSING BARBER'S
           MANSLAUGHTER INSTRUCTIONS, DGP-14 AND DGP-15.

II.  WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING BARBER'S MOTION FOR MISTRIAL.

III. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT A DIRECTED VERDICT AND DENYING BARBER'S MOTION FOR A J.N.O.V.

IV.  WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT A NEW TRIAL.

**FACTS**

¶2.  On May 22, 1998, William McCain arrived at Glenda Cooperwood's trailer on Gin House Road in Hopewell, Clay County, Mississippi. Shortly thereafter, Cooperwood's cousin, Kevin Wilson, arrived at Cooperwood's home. They all began to drink beer. McCain gave Cooperwood $100 and instructed her to go and purchase some cocaine. Cooperwood left the trailer to purchase cocaine but returned without the cocaine.

¶3.  Around 11:30 a.m., Barber arrived at Cooperwood's trailer. Cooperwood asked Barber if he had any cocaine, and he responded affirmatively. Cooperwood, McCain, and Barber went to Barber's car, where Barber sold McCain the cocaine. Cooperwood and McCain went back inside Cooperwood's trailer, where Cooperwood, McCain and Wilson consumed the cocaine. Afterwards, Barber returned to the trailer and asked to use the restroom. Barber went into the restroom and stayed a few minutes. When Barber returned from the restroom, he pulled out a pistol and told McCain to "Up all your money." McCain "told him to f_ _k him . . . ." Barber then shot McCain twice. McCain then rushed Barber, and a struggled ensued over the gun. McCain grabbed Wilson, used him as a shield, and McCain then ran out of the front door. McCain was able to get into his truck and drive away.

¶4. After McCain left, Barber told Cooperwood and Wilson that they did not know him. Barber told them to say that it was "Dee Dee" and that he would kill them and their families, if they disclosed his identity. Barber then left Cooperwood's trailer.

¶5. McCain ultimately died from the gunshot wound to his abdomen.

## DISCUSSION

### I. PROPOSED JURY INSTRUCTIONS DGP-14 AND DGP-15

¶6. Barber argues that the trial court committed reversible error by refusing to grant proposed jury instructions DGP-14 and DGP-15, which embodied the lesser offense of manslaughter. Barber contends that the facts in this case do not rise to the level of murder but more accurately support a conviction for manslaughter. Barber asserts that the jury should have been given the lesser-included charge of manslaughter to consider as a possible verdict.

¶7. The record reflects that Barber sold McCain cocaine. At the time of the sale, Barber could see the money in McCain's billfold. Barber later pulled out a pistol and told McCain to "Up all your money." McCain refused, and Barber shot McCain. McCain later perished. It is evident that McCain's murder was committed during the commission of a crime, specifically robbery. This Court found in *Griffin v. State*, 557 So.2d 542, 549 (Miss.1990), that a homicide having occurred during the course of a robbery did not require a manslaughter instruction to be given. We find no reversible error in the trial court's refusal to instruct the jury on manslaughter.

### II. MOTION FOR MISTRIAL

¶8. Barber asserts that the trial court erred in denying his motion for a mistrial. Barber contends a statement made by Deputy Sheriff Perkins on cross-examination warranted a mistrial.

¶9.    The record reflects that while on cross-examination, Deputy Perkins was asked by defense counsel about the possibility of the two State's eyewitnesses being suspects:

> Q:    Were you ever a party to a conversation with Joe Huffman and/or any other officers that if y'all did'nt [sic] get what you wanted or a statement to your liking that you–they were going to be implicated as suspects in the homicide?
>
> A:    I can't remember ever having a Clay County officer make any kind of statement like that.
>
> Q:    Okay. Well let me ask you this, uh, Officer Perkins, I've talked to you about this before, had'nt [sic] I, this case?
>
> A:    You talked to me to the point that you were trying to get your client to plea bargain–."
>
> Q:    All right. We–we-- I-- we're going--
> BY THE COURT: Just–just a moment.
>
> A:     –of stuff like that.
> BY MR. KITCHENS: No. No.
> BY THE COURT:  Just a moment.  The jury will disregard the last statement by the witness.  now, answer directly the question  that is asked--

¶10.    Shortly thereafter, the jury was excused, and Barber made moved for a mistrial. The trial court stated that Deputy Perkins's statement was improper:

> The question was overly broad and was a question by defense counsel concerning discussions that he had with the witness and that was a problem. That opened the door. . . I instructed the jury to follow the instructions that I gave them and I assume that they did. The matter's closed. The motion is overruled.

¶11.    The applicable standard of review for denial of a motion for mistrial is abuse of discretion. *Slaughter v. State*, 815 So.2d 1122, 1131 (Miss. 2002). Where an objection to impermissible testimony is sustained and the jury is instructed by the trial court to disregard the statement, this Court has held refusal to grant a mistrial is proper. The Court reasons "jurors are presumed to have followed the trial judge's instructions." *McNeal v. State*, 658 So.2d 1345, 1348 (Miss. 1995). This Court has also held that the trial court's instruction to the jury to disregard such testimony is sufficient to prevent prejudice.

*Strickland v. State*, 784 So.2d 957, 964 (Miss. 2001). For these reasons, we find no reversible error in the trial court's denial of a mistrial.

### III. MOTIONS FOR DIRECTED VERDICT AND JNOV

¶12. Barber contends that the trial court erred by denying his motions for a directed verdict and JNOV. Barber asserts that the State's evidence was insufficient to warrant a conviction. Barber claims that the testimony by Cooperwood and Wilson was not believable. Additionally, Barber contends that he did not take money from McCain. Therefore, he contends that there is no proof of robbery, and he should not be found guilty of capital murder.

¶13. The crime of robbery using a weapon is well defined in Miss. Code Ann. § 97-3-79 (Rev. 2000) which states in pertinent part:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury . . . .

¶14. The jury sits as finder of fact and has the duty to assess the credibility of the witnesses and resolve conflicts in the evidence. *Groseclose v. State*, 440 So.2d 297, 300 (Miss. 1983). The credibility of witnesses was for the jury to determine. The jury heard the testimony and was given the opportunity to observe the witnesses' demeanor. The jury found that the facts support a finding that Barber killed McCain during the commission of robbery. Reversal of a denial of a directed verdict or JNOV may only be granted when, "with respect to one or more of elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Gleeton v. State*, 716 So.2d 1083, 1087 (Miss. 1998). We find the verdict was supported by sufficient evidence, and the trial court did not err in denying Barber's JNOV motion.

5

IV.     MOTION FOR NEW TRIAL

¶15.     Barber asserts that the trial court erred when it denied his motion for a new trial. Barber maintains that the guilty verdict was against the overwhelming weight of the evidence and that the denial of the motion for a new trial resulted in an unconscionable injustice.

¶16.     "In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice." *Daniels v. State*, 742 So.2d 1140, 1141 (Miss. 1999).

¶17.     The record reflects that Barber pulled out a pistol and demanded all of McCain's money. McCain refused, and Barber shot McCain. McCain died as a result of the gunshot wound inflicted by Barber. We find that there is no showing that the verdict constituted an unconscionable injustice or that it is against the weight of the evidence. Additionally, Barber has failed to present any evidence that would warrant a new trial. We find no manifest error by the trial court in denying Barber's motion for a new trial.

**CONCLUSION**

¶18.     For the reasons indicated above, we affirm the judgment below.

¶19.     **CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, AFFIRMED.**

     **PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR.**