824 So.2d 638 (2002)
Terry T. JOHNSON a/k/a Terry Tyrone Johnson, Appellant.
v.
STATE of Mississippi, Appellee.
No. 2000-KA-0201-COA.
Court of Appeals of Mississippi.
August 20, 2002.
*639 Phillip Broadhead, Thomas M. Fortner, Robert M. Ryan, Jackson, for Appellant.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before SOUTHWICK, P.J., THOMAS, AND IRVING, JJ.
IRVING, J., FOR THE COURT.
¶ 1. This appeal arises from the re-sentencing of Terry T. Johnson from fifty years to thirty-six years in the custody of the Mississippi Department of Corrections by the Circuit Court of the First Judicial District of Hinds County. Johnson, aggrieved by the re-sentencing, asserts a single issue on appeal which we quote verbatim: "the trial court erred in ordering the defendant to serve a sentence of thirty-six years in the custody of the Mississippi Department of Corrections as the trial court failed to make an on-the-record finding that the sentence did not exceed the authority granted by the amended version of Mississippi Code Annotated section 65-3-65[sic] [97-3-65], and was therefore, an illegal sentence and plain error."

FACTS
¶ 2. Johnson was indicted by a grand jury for the First Judicial District of Hinds County for the felony offense of rape of a child under the age of fourteen years. He was tried and convicted, and sentenced on August 7, 1995, to fifty years in the custody of the Mississippi Department of Corrections. At the time of the trial, Johnson was thirty-three years old. Johnson appealed, and this Court reversed and remanded the case for re-sentencing. Johnson v. State, 95-KA-01002 COA (Miss. Ct. App. June 23, 1998). On October 23, 2000, Johnson was re-sentenced by the Circuit Court of the First Judicial District of Hinds County to thirty-six years in the custody the Mississippi Department of Corrections.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Johnson contends that he is entitled to a "milder sentence" pursuant to Mississippi Code Annotated section 99-19-33 (Rev.2000). In addition, Johnson argues that the trial court in sentencing him to a lesser term of imprisonment failed to make any necessary findings of fact that the thirty-six-year sentence was a sentence less than life. He argues that under the amended version of Mississippi Code Annotated section 97-3-65 (Rev.2000), which redefined statutory rape and the penalty therefor after his conviction, he cannot be sentenced to life. Johnson further argues that the trial court did not take judicial notice of his age and life expectancy under actuarial tables and did not specifically find that the sentence imposed is "a definite term reasonably expected to be less than life." On the other hand, the State argues that Johnson has no viable grounds *640 for complaint as he received less than his just desserts when the court re-sentenced him to thirty-six years which were fewer years than the trial judge was required to impose upon remand for re-sentencing.
¶ 4. "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." Reynolds v. State, 585 So.2d 753, 756 (Miss.1991); Reed v. State, 536 So.2d 1336, 1339 (Miss.1988). However this Court will review a sentence which has been disproportionately imposed. Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
¶ 5. The conflict in this case arises over whether Johnson should have been sentenced under section 97-3-65 before its amendment, effective July 1, 1998. The old version of section 97-3-65 provided that "every person eighteen years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary." The 1998 amendment states that statutory rape is committed when a person of any age has sexual intercourse with a child under the age of fourteen years, and if the perpetrator of the crime is eighteen years of age or older, the sentence is life imprisonment or a term not less than twenty years as the court may determine. Miss.Code Ann. § 97-3-65 (Rev.2000).
¶ 6. As already observed, Johnson contends that Mississippi Code Annotated section 99-19-33 (Rev.2000) requires that he receive a milder sentence. This section provides:
If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.
Of course the extension of Johnson's argument is that the sentence of thirty-six years was tantamount to a life sentence; therefore, he did not receive a milder sentence.
¶ 7. We agree that this statute allows Johnson to be sentenced under the 1998 amendment to section 97-3-65. In Daniels v. State, 742 So.2d 1140(¶ 17) (Miss. 1999), our supreme court has interpreted section 99-19-33 to mean that "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended."
¶ 8. Johnson was sentenced to thirty-six years under the 1998 amendment to section 97-3-65. This statute cloaked the trial judge with the authority to sentence Johnson to life or any sentence greater than twenty years. Therefore, Johnson's claim that thirty-six years is more than his life expectancy is meritless because under the new statute, he could have been sentenced to life or any term of years greater than twenty. Because the trial judge sentenced Johnson within the prescribed limits of the statute, we find no error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY OF CONVICTION OF RAPE OF A CHILD UNDER FOURTEEN YEARS OF AGE AND SENTENCE OF THIRTY-SIX *641 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS POST-RELEASE SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.