IRVING, P.J.,
concurring in part and dissenting in part:
¶ 42. I agree and concur with the majority’s resolution of all issues except Issue III, which addresses the appropriate sentencing statute to be applied. The majority finds that Wilson was properly sentenced under the penalty statute for receiving stolen property that was in effect at the time that he committed the offense. Because I believe that Wilson should have been sentenced under the amended penalty statute that was in effect at the time that Wilson was sentenced, I dissent. For the reasons that I will explain, I would affirm his conviction but modify his sentence in accordance with the new penalty statute for receiving stolen property and sentence him to five years in the custody of the Mississippi Department of Corrections and a fine of $10,000.
¶43. Mississippi Code Annotated section 97-17-70(1) (Rev.2014) defines the crime of receiving stolen property as follows:
A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
This was the definition of the crime of receiving stolen property at the time that Wilson was indicted for and convicted of that offense, and that was the definition at the time the circuit judge sentenced him.
¶ 44. At the time of Wilson’s indictment, the penalty portions-of section 97-17-70, subsections three and four, read as follows:
(3) Any person who shall be convicted of receiving stolen property which exceeds Five Hundred Dollars ($500.00) in value shall be committed to the custody of the State Department of Corrections for a term not exceeding ten (10) years or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both.
(4) Any person who shall be convicted of receiving stolen property which does not exceed Five Hundred Dollars ($500.00) in value shall be punished by imprisonment for not more than six (6) months or by a fine of not more than One Thousand Dollars ($1,000.00), or both.
At the time, of Wilson’s sentencing, the statute had been amended and renumbered to add some additional provisions, not *422 relevant to the issue before us, and its penalty provisions had been reordered and expanded to provide for a more graduated penalty as follows:
(4) Any person who shall be convicted of receiving stolen property which exceeds One Thousand Dollars ($1,000.00) or more, but less than Five Thousand Dollars ($5,000.00) in value shall be punished by imprisonment in the custody of the State Department of Corrections for a term not exceeding five (5) years or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both.
(5) Any pérson who shall be convicted of receiving stolen property which exceeds Five Thousand Dollars ($5,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00). in value shall be punished by imprisonment in the custody of the State Department of Corrections for a term not exceeding ten (10) years or by a fine of not more than Ten Thousand Dollars ($ 10,000.00), or both.
(6) Any person who shall be convicted of receiving stolen property which exceeds Twenty-five Thousand Dollars ($25,-000.00) in value shall be punished , by imprisonment in. the custody of the State Department of Corrections for a term not exceeding twenty (2Ó) years or by a fíne of not more than Ten Thousand Dollars ($10,000.00), or both,
(7) Any. person who shall be convicted of receiving stolen property which does not exceed One Thousand Dollars ($1,000.00) in value may be punished by imprisonment in the county jail for not more than six (6) months or by a fíne of not more than One Thousand Dollars ($1,000.00), of both....
MisSiCode Ann. § 97-17-70(4)-(7) (Rev. 2014).
¶ 45. It is immediately clear from even a casual reading of section 97-17-70 that the language in subsections four through seven does not constitute any of the core elements of the offense of receiving stolen property. Rather, the core elements are set forth in subsection one, and subsections four through seven provide a graduated or enhanced punishment for the crime of receiving stolen property based on the value of the property received. Stated another way, the language in subsections four through seven speaks to the gravity of the offense for the purpose of assessing punishment, not to the core elements constituting the offense itself. This is a reasonable interpretation in light of the definition of the crime of receiving stolen property that is provided in subsection one — which does not reference or rely upon any other subsection for its completeness. So if the language in subsections four through seven depicts the statutory elements of the crime of receiving stolen property, that language must necessarily implicate elements for sentencing purposes only.[8] This regimented punishment scheme is similar to the enhanced punishment scheme provided elsewhere in' our law for various crimes — for example, the crime of the sale of cocaine within so many feet of certain designated places. Is the crime of the sale of cocaine not committed if the sale takes place beyond the boundaries and places that lead to the enhanced punishment? Of course, it is.
¶ 46. Prior to the amendment, it was not necessary to state in the indictment the specific value of the property to determine the penalty for the crime of receiving stolen property. It was sufficient simply to charge thát the value of the property *423 was either less than or more than $500, even if the value of the property was $10 or $10,000. At the subsequent trial, the State only had to prove, that the value of the property was within the range stated in the indictment, which determined the penalty. After the amendment, it is not necessary, to state in the indictment the specific value of the property. The indictment is sufficient if a value range is included. However, as was the case prior to the amendment, at trial, the State must prove that the value of the property falls within the range stated in the indictment, which also determines the penalty.
¶47. In this case, the State offered proof that the trailer was valued at $1,500.[9] There was no testimony to the contrary as to the value of the trailer. The penalty portion of 'the amended statute requires that a person committing the crime of receiving stolen property valued at $1,500 should be sentenced to the Mississippi Department of Corrections for a term of imprisonment not exceeding five years or to pay a fine of not more than $10,000, or both. The majority reasons that Wilson is not entitled to this lesser sentence because applying the lesser sentence would require retroactive application of the amendments, to the elements of the offense. This, the majority reasons, is prohibited by Wilson. Therefore, according to the majority, the old sentencing statute must be applied.
¶ 48. The fallacy of the majority’s reasoning is readily apparent.. First, under the pre-amended version of the penalty statute, knowledge of the precise value that a jury placed on the stolen property was not a prerequisite to applying, the appropriate sentence. All that was required was that the jury determine that the value fell within a certain range. So since, under the pre-amended version of the penalty statute, knowledge of the precise value that a jury placed on the, stolen property was not a prerequisite to applying the appropriate sentence, why should there . be this requirement under the amended version? Nothing in the amended statute requires it. Second, we know that the jury found that Wilson received stolen property valued at between $500.01 and" either $1,400 or $1,500. We know this because the jury found him guilty, and to do so, it was required to find that the value of the property was more than $500, and the only evidence of the value of the property came from two witnesses. One gave the three-year-old purchase price of the property, and the other put the value of the property, at the time it was taken, at $1,500. So to say that the jury found that Wilson received stolen property valued at between $500.01 and either $1,400 or $1,500 is not tantamount to engaging in appellate fact-finding. Nevertheless, I do not disagree with the majority that we cannot know with specificity the precise value that the jury assessed to the property. But that does not matter because we know the range of the value. And because we know-the range of the value, based on the evidence adduced at trial, we can say confidently that Wilson should have been sentenced to either (1) six months of imprisonment or a fine of not more than $1,000, or both, or (2) not more than five years of imprisonment or to a fine of not more than $10,000, or both. One might ask: why then do I find that the appropriate sentence is five years and a fine of $10,000. My answer is because Wilson *424 was properly convicted as a habitual offender, and the weight of the evidence shows that the value of the property was more than $1,000, rather than less.
¶ 49. On the other hand, the majority finds that simply because we do not know the precise value that the jury placed on the stolen property,. the appropriate sentence is ten years. To my mind, it is illogical to say that — because we do not know whether Wilson should have been sentenced to six months’ imprisonment or five years’ imprisonment — the appropriate sentence is ten years’ imprisonment. Further, it is clear that by its amendment of section 97-17-70, the Mississippi Legislature has determined that the penalty for the crime of receiving stolen property should relate to and be commensurate with the value of the stolen property that a person has received. Unfortunately, the majority fails to give effect to the will of the law-making body of this State by finding that one convicted of receiving stolen property valued at between $500.01 and either $1,400 or $1,500 can be sentenced up to ten years in prison, when our Legislature has spoken with great clarity that the punishment should not be more than five years in prison.
¶ 50. I acknowledge that reconciling the penalty for Wilson’s crime under the old sentencing statute with the penalty for that crime under the amended sentencing statute cannot be done with precision, which is what the majority seems to require, but I see no reason why that is required, as I will attempt to explain in the following discussion. Mississippi Code Annotated section 99-19-33 (Rev.2015) provides:
If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.
(Emphasis added). So the first question to ask in our case is: what is the offense that was a crime under pre-existing law? Is it the offense of receiving stolen property? The answer is an unequivocal “yes,” because, as stated:
A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
Miss.Code Ann. § 97-17-70(1) (Rev.2014). The next question that must be asked is: does section 97-17-70 now provide a punishment of the same character, but of a milder type for the crime of receiving stolen property? Again the answer is a resounding “yes.” I now take a look at the relevant caselaw.
¶51. In Daniels, the Mississippi Supreme Court held “that when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended. Any precedent holding otherwise is without merit.” Daniels v. State, 742 So.2d 1140, 1145 (¶ 17) (Miss.1999) (emphasis added). Then, in Coleman v. State, 971 So.2d 637, 643 (¶ 11) (Miss.Ct.App.2007) (internal citations omitted), this Court held:
*425 Under [section 99-19-33], where the statutory penalty for a crime is lessened between the time of the commission of the crime and sentencing, it is proper to apply the lesser sentence. Such an error in sentencing allows for reversal of the punishment portion of the judgment. Furthermore, an excessive sentence should be corrected by amendment of the invalid sentence, not by discharge- of the prisoner.
And in Wilson v. State, 967 So.2d 32, 42 (¶ 22) (Miss.2007), while discussing an unrelated issue, the supreme court made it clear that section “99-19-33 and Daniels stand for the proposition that when the statutory penalty for a particular crime is legislatively reduced after the date of the commission of the crime but before the date of sentencing, the trial court must sentence the defendant under the amended statute.” So the circuit court erred in failing to sentence Wilson under the amended version of section 97-17-70.
¶ 52. The majority says that I am engaging in impermissible appellate fact-finding by finding that Wilson now can be sentenced under the amended sentencing statute because the crime for which he was convicted of is now nonexistent. What the majority fails to take fully into account is that an amendment that moves the threshold-value amount of the stolen property to a different level that serves only to demarcate the crime between a misdemeanor and a felony and to provide graduated penalties does not eliminate the prior existence of the crime and the attendant penalties. But more importantly, the crime for which Wilson was convicted still exists, as receiving stolen property is still a crime in this state, and receiving stolen property valued at more than $500 is still a crime in this state.
¶ 53. Also, the majority apparently believes that the Mississippi Supreme Court could not have meant what it said in Daniels and made clear in Wilson: “[S]ection 99-19-33 and Daniels stand for the proposition that when-the statutory penalty for a particular crime is legislatively reduced after the date of the commission of the crime but before the date of sentencing, the trial court must sentence the defendant under the amended statute.” Wilson, 967 So.2d at 42 (¶ 22). While acknowledging the supreme court’s pronouncement in Wilson, the majority focuses on the fact'that our supreme court refused to reverse the defendant’s sentence. It then extrapolates from the court’s rationale for not reversing the sentence and, in my opinion, erroneously utilizes that extrapolation as a rationale in today’s case to reach the conclusion that Wilson should not be sentenced pursuant to the amended punishment statute. I am at-a loss to understand the majority’s refusal to follow our supreme court precedent as laid down in Wilson and Daniels, because the punishment statute, as amended, provides a punishment of the same character, but of milder type, for the crime of receiving stolen property. As stated, Wilson makes it crystal clear that if a statute changes the punishment for a crime after a defendant has been indicted or convicted, the defendant' must be sentenced to the lesser penalty if one has been provided by the amended statute.
¶54. I now turn to a more detailed discussion of the supreme court’s analysis in Wilson. In Wilson, at the time the defendant committed the crime of felony shoplifting, the statute provided that shoplifting merchandise with a merchant’s stated price in excess of $250 was a felony. Id. at 42'(¶21). Prior to the defendant being sentenced, the statute was amended to make the crime of shoplifting a felony when the merchant’s stated price exceeded $500. Id. ’-However, the penalty for felony shoplifting remained the same after the *426 amendment. The defendant argued that she should have been sentenced as a mis-demeanant because under the amended statute, shoplifting was a felony only when the merchant’s stated value exceeded $500. Id. In rejecting the defendant’s .argument, the supreme court said; “[Sjection 99-19-33 and Daniels [were] totally irrelevant to the resolution of the issue presented .., [because] only the elements of the crime of felony shoplifting changed and not the penalty, which has remained the same during this amendment process.” Wilson, 967 So.2d at 42 (¶ 42).
¶ 55. The majority, acknowledges that neither Wilson nor Daniels is exactly on point because, in the view of the majority, the amendment affects not only the elements of the offense, as is the case in Wilson, but also the punishment, as is the case in Daniels. But in the very next breath, the majority says, “we are persuaded that Wilson and section 99-19-1 _are controlling” because “it is impossible to retroactively apply the amendments to .the punishments for receiving stolen property without also retroactively applying the amendments to the elements to the offense,” Maj. Qp. at (¶ 29). Notably, the majority cites no authority for this assertion, and nothing in Wilson justifies the majority’s extrapolation from what the supreme court said. Since the interplay between elements and punishment, if any, is not addressed in either Wilson or section 99-19-33, there is no reason to venture there. . Section 99-19-33 speaks to- the punishment that a person should receive for an offense when the statute providing the punishment for that offense has been amended, after the person committed the offense, to provide a lesser penalty. Section 99-19-33 does not require that , the elements of the offense, which was a crime under pre-existing law, must correspond to the new sentencing factors, or elements, that serve only.to demarcate the offense between a misdemeanor and a felony and provide graduated penalties. But even if it does, the elements of the crime of receiving stolen property have not changed. What has changed is the factors, or elements, that determine the appropriate sentence. Wilson simply holds that since the penalty for felony shoplifting was not changed by the amendment of the shoplifting statute, section 99-19-33, which deals only with punishment, and Daniels, which teaches that the word “may” in section 99-19-33 means “shall,” are inapplicable, Therefore, - the Wilson court concluded that there was no reason to disturb Wilson’s sentence for felony shoplifting.
¶ 56. As stated, the real inquiry here is whether receiving stolen property was a crime prior to the amendment of section 97-17-70 and whether section 97-17-70 now provides a punishment of the same character, but of a milder type, for the crime of receiving stolen property — not whether the factors, or elements, that determine the penalty have changed. It is not debatable, and the majority does not deny, that receiving stolen property was a crime prior to the amendment of section 97-17-70. Therefore, we need only look at the second prong of section 99-19-33— whether section 97-17-70 now provides a punishment of the same-character, but of a milder type, for the felony crime of receiving stolen property. As stated, it cannot be legitimately argued .that it does not.
¶57. Section 99-19-33 is straightforward and does not require the retroactive application of any new elements that may have been included in the amendment of the statute establishing the new punishments. So the majority’s finding that the amended punishment statute-cannot be applied because both the elements of, and the punishment for, the crime of receiving stolen property were changed is untenable and is not supported by either Wilson or *427 section 99-19-33. ■ In the interest of judicial economy, • rather than remanding the case for resentencing, I would modify the judgment of the Circuit Court of Warren County to reflect that Wilson is sentenced, as a habitual offender, to five years in the custody of the.MDOC and to pay a $10,000 fine. ⅞
LEE, C.J., BARNES, ISHEE AND JAMES, JJ., JOIN THIS OPINION.

. I do not contend that a jury is not required to find that a defendant received stolen property in a specific value range before the defendant may be sentenced to the penalty for that value range.

. This value was given by Paul. He testified that the trailer was a sixteen-foot tandem axle ■ and that he was familiar with the price of trailers at that time because he had priced them many times. He further explained that he had not purchased one himself because he could always borrow his father-in-law's or his neighbor’s trailer. The owner did not offer a current value for the .trailer; but testified that she had purchased it for $1,400.