# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00036-COA

TRACEY RUSHING A/K/A TRACEY LEE RUSHING A/K/A TRACEY L. RUSHING        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRACEY RUSHING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 05/24/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### WILSON, J., FOR THE COURT:

¶1.     Tracey Rushing pled guilty to selling cocaine and was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC).  He subsequently filed a motion for post-conviction relief in which he argued that he should have been sentenced under the amended version of Mississippi Code Annotated section 41-29-139 in effect when he was sentenced in July 2014, rather than the version in effect at the time of his offense in 2013.  The circuit court ruled that Rushing's sentence was proper and therefore denied his motion for post-conviction relief.  Recently, this Court divided evenly on a substantively

indistinguishable sentencing issue. *Wilson v. State*, No. 2014 KA-01478-COA, 2016 WL 1117662 (Miss. Ct. App. Mar. 22, 2016) (motion for rehearing pending). There, we affirmed the circuit court's ruling that the defendant should be sentenced pursuant to the pre-July 1, 2014 version of the receiving-stolen-property statute, even though he was sentenced after the statute was amended effective July 1, 2014. We reach the same result here for essentially the same reasons given in the lead opinion in *Wilson*.

### FACTS AND PROCEDURAL HISTORY

¶2. On August 29, 2013, Rushing sold approximately one tenth of a gram of crack cocaine to a confidential informant working with the Ridgeland Police Department. The informant met Rushing at the Red Roof Inn just north of County Line Road in Ridgeland and gave him $40 for the cocaine. Rushing was arrested and indicted for selling "a quantity of Cocaine" in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2013).

¶3. On June 23, 2014, Rushing filed a petition to plead guilty. In his petition, Rushing acknowledged that his plea was an open plea and that the maximum sentence was thirty years' imprisonment. In the petition, Rushing's attorney took the position that he should be sentenced pursuant to section 41-129-139, as amended effective July 1, 2014. *See* 2014 Miss. Laws ch. 457, § 37 ("House Bill 585"). However, the State's position was that he should be sentenced under the statute as it read at the time of his offense. This point of disagreement was significant. At the time of Rushing's offense, a person convicted of selling cocaine could be "imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00),

or both[.]" Miss. Code Ann. § 41-29-139(b)(1) (Rev. 2013). However, as amended by House Bill 585, the statute provided that a person convicted of selling cocaine should be punished based upon the amount of cocaine sold, as follows:

(A) Less than two (2) grams or ten (10) dosage units, be imprisoned for not more than eight (8) years or fined not more than Fifty Thousand Dollars ($50,000.00), or both.

(B) Two (2) grams or ten (10) dosage units or more but less than ten (10) grams or twenty (20) dosage units, be imprisoned for not less than three (3) years nor more than twenty (20) years or fined not more than Two Hundred Fifty Thousand Dollars ($250,000.00), or both.

(C) Ten (10) grams or twenty (20) dosage units or more, but less than thirty (30) grams or forty (40) dosage units, be imprisoned for not less five (5) years nor more than thirty (30) years or fined not more than Five Hundred Thousand Dollars ($500,000.00).

Miss. Code Ann. § 41-29-139(b)(1) (Supp. 2015).

¶4.    Rushing's plea hearing was held on July 7, 2014. The circuit judge advised Rushing that he agreed with the State that the amendments in House Bill 585 did not apply to offenses committed prior to the bill's effective date, so he would sentence Rushing under the statute as it read at the time of Rushing's offense. Rushing confirmed that he understood the court's position and still desired to plead guilty, and the court accepted Rushing's plea.

¶5.    The court sentenced Rushing on July 21, 2014. The court discussed that Rushing had several prior felony convictions, including one crime of violence—he was convicted of robbery as an accessory in 1984, two counts of burglary in 1993, possession of cocaine and receiving stolen property in 1999, and two counts of receiving stolen property in 2002. The court also discussed that the State could have charged Rushing as a habitual offender, a

subsequent drug offender, or a violent habitual offender, which, if proven, would have resulted, respectively, in a mandatory thirty-year sentence without parole, a sixty-year maximum sentence, or a mandatory life sentence without parole. *See* Miss. Code Ann. § 41-29-147 (Rev. 2013); Miss. Code Ann. §§ 99-19-81 & 99-19-83 (Rev. 2015). Although the State did not pursue these enhancements, the court concluded that a sentence of thirty years in MDOC custody was appropriate "[b]ased upon [Rushing's] criminal history."[1]

¶6. On October 31, 2014, Rushing filed a motion for post-conviction relief in which he argued that his sentence exceeded the maximum authorized by law because he should have been sentenced under section 41-29-139 as amended by House Bill 585. The circuit court denied Rushing's motion. Citing *Wilson v. State*, 967 So. 2d 37 (Miss. 2007), the circuit court explained that Rushing properly was sentenced under the law in effect at the time of his offense. Rushing filed a timely notice of appeal from the circuit court's decision.

## DISCUSSION

¶7. As noted at the outset of this opinion, this Court recently divided evenly on a substantively indistinguishable issue in *Wilson v. State*, No. 2014 KA-01478-COA, 2016 WL 1117662 (Miss. Ct. App. Mar. 22, 2016) (motion for rehearing pending). The precise issue in *Wilson* was whether the defendant should have been sentenced under the version of the receiving-stolen-property statute (Miss. Code Ann. § 97-17-70) in effect at the time of his offense and indictment or under the amended version in effect when he was sentenced. That statute, like the one at issue in this case, was amended effective July 1, 2014, by House Bill

---

[1] Rushing should be eligible for parole after serving one-fourth of his sentence. *See* Miss. Code Ann. § 47-7-3(1)(g) (Rev. 2015).

4

585. The Legislature added to or amended the elements of the offenses in both statutes—elements related to the quantity of drugs sold under section 41-29-139, and elements related to the value of the stolen property under section 97-17-70. In *Wilson*, the trial judge sentenced the defendant under the version of the statute in effect at the time of his sentence and indictment, and we affirmed by an evenly divided Court. We now affirm the denial of Rushing's motion for post-conviction relief for the same reasons.

¶8. In this case, at the time of Rushing's offense and indictment, section 41-29-139(a)-(b) authorized a sentence of anywhere from zero to thirty years' imprisonment for the sale of any amount of cocaine. Thus, Rushing was indicted for selling an unspecified "quantity of Cocaine." As amended by House Bill 585 and set out above, there are now three narrower sentencing "tiers" based on the quantity of cocaine sold. Thus, in addition to providing sentencing ranges, House Bill 585 creates new quantity-based elements.

¶9. As explained in the lead opinion in *Wilson*, House Bill 585's new "tiers" of punishments are inextricably tied to the new or amended elements of those offenses. That is, we cannot retroactively apply the amendments to sentences without also retroactively applying the amendments to the elements of the offenses. For a defendant convicted of selling cocaine, we cannot determine which new sentencing range would apply without first determining how much cocaine the defendant sold. In most cases, this would require this Court to engage in impermissible appellate fact-finding. *See Wilson*, 2016 WL 1117662, at *9-*10 (¶¶33-36). In all cases, it would require retroactive application of statutory amendments to the elements of the offenses. As five judges of this Court concluded in

5

*Wilson*, pursuant to Mississippi Code Annotated section 99-19-1 (Rev. 2015)[2] and our Supreme Court's decision in *Wilson v. State*, 967 So. 2d 32, 41-42 (¶¶21-22) (Miss. 2007), such amendments to the elements of criminal offenses may not be applied retroactively. *See Wilson*, 2016 WL 1117662, at *6-*11 (¶¶25-40). Accordingly, as in our recent decision in *Wilson*, the circuit judge properly sentenced Rushing under the version of the statute in effect at the time he sold cocaine.

¶10. Rushing argues that he is entitled to be sentenced under the amended version of the statute pursuant to *Daniels v. State*, 742 So. 2d 1140 (Miss. 1999), which held that "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court *must* sentence according to the statute as amended." *Id.* at 1145 (¶17) (emphasis added) (applying Miss. Code Ann. § 99-19-33 (Rev. 2015)).[3] However, we considered and rejected this same argument recently in *Wilson*. *See Wilson*, 2016 WL

[2] Section 99-19-1 provides:

No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

House Bill 585 did not "specially provide[]" for retroactive application of the amendments at issue in this case.

[3] The State argues that *Daniels* should be overruled. However, "this court lacks authority to overrule Mississippi Supreme Court precedent." *Hudson v. WLOX Inc.*, 108 So. 3d 429, 432 (¶10) (Miss. Ct. App. 2012).

1117662, at \*7-\*8 (¶¶26-29). As we explained there, *Daniels*'s holding does not apply when—as in this case—the Legislature has amended *both* the elements of the crime *and* the punishments for the re-defined offense(s). *See id.* (discussing Miss. Code Ann. § 99-19-1 and *Wilson*, 967 So. 2d at 41-42 (¶¶21-22)).

¶11. We acknowledge that our recent decision in *Wilson* is arguably distinguishable in that Rushing pled guilty and agreed on the record that he sold a specific quantity of cocaine—a tenth of a gram—as part of the factual basis of his plea. While this apparent agreement regarding the underlying facts would eliminate the need for appellate fact-finding *in this particular case*, it would not obviate the need to retroactively apply the amendments related to the elements of the offenses under the statute, which is not permitted under section 99-19-1 and Mississippi Supreme Court precedent. Moreover, the question whether the relevant amendments apply retroactively is essentially an issue of statutory interpretation. The amendments at issue in this case either apply retroactively or they do not. There would be no principled basis for us to say that these amendments apply retroactively when the defendant pleads guilty and agrees that he sold a specific quantity of drugs but apply only prospectively where the case proceeds to trial or the plea is less specific.

¶12. Both sides of essentially this same issue were thoroughly discussed in our recent decision in *Wilson*. For the reasons discussed by the lead opinion in *Wilson*, the circuit judge properly sentenced Rushing under the statute in effect at the time he committed his offense and was indicted. To the extent that the circuit judge has discretion in imposing a sentence in a particular case, the judge certainly *may* impose a sentence based on House Bill 585's

7

new quantity-based sentencing structure. But the judge is not *required* to do so. Accordingly, the circuit judge's denial of Rushing's PCR motion is affirmed.

¶13. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**GRIFFIS, P.J., CARLTON, FAIR AND GREENLEE, JJ., CONCUR. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., BARNES, ISHEE AND JAMES, JJ.**

**LEE, C.J., DISSENTING:**

¶14. I believe Rushing was entitled to the benefit of the lesser penalties that were in effect at the time of his sentencing; therefore, I respectfully dissent.

¶15. Though the amendments to Mississippi Code Annotated section 41-29-139 do create a new element to the crime—now the State will have to prove the weight of the substance sold in order to convict—in this particular circumstance, the weight of the substance was known and introduced to the trial court through the factual basis for the plea. *Cf. Wilson v. State*, No. 2014-KA-01478-COA, 2016 WL 1117662 (Miss. Ct. App. Mar. 22, 2016).[4]

**IRVING, P.J., BARNES, ISHEE AND JAMES, JJ., JOIN THIS OPINION.**

---

[4] The fact that the weight was not included on the indictment does not make Rushing's indictment defective, as he is receiving an ameliorative benefit of the new statute, not being subject to an ex post facto law. *See Flowers v. State*, 35 So. 3d 516, 518-19 (¶6) (Miss. 2010) (finding the application of the new statute to Flowers's conduct an illegal ex post facto law and thus a violation of his due-process rights).