# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00602-COA

**JIMMY CULBERT**                                                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2017 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIMMY CULBERT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 02/27/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.

### FAIR, J., FOR THE COURT:

¶1.     On September 10, 1997, Jimmy Culbert pled guilty to kidnaping and sexual battery. He was sentenced to six years for the kidnaping charge and thirty years for the sexual battery charge, to run consecutively. The record contains a copy of the transcript of the plea-qualification hearing. During the hearing, Culbert testified that his pleas were freely and voluntarily entered with a full awareness and understanding of his rights.

¶2.     In 1999, he began filing petitions for relief from the conviction and sentence. His fifth petition for post-conviction relief (PCR) is now before the Court. We affirm its summary dismissal.

### STANDARD OF REVIEW

¶3.  "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review . . . legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015) (citation and quotation omitted).  We will affirm a summary dismissal of a PCR motion if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Wilkerson v. State*, 89 So. 3d 610, 614 (¶7) (Miss. Ct. App. 2011).

**DISCUSSION**

¶4.  Culbert claims that his sentence was illegal since he did not benefit from the amended statute that followed his crime but preceded his sentencing.  Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a motion for relief following a guilty plea is untimely unless filed within three years after entry of the judgment of conviction. *Watts v. State*, 97 So. 3d 722, 725 (¶7) (Miss. Ct. App. 2012); *see* Miss. Code Ann. § 99-39-5(2) (Rev. 2015).  The UPCCRA also bars PCR motions from our review if the movant has filed a previous PCR motion.  Miss. Code Ann. § 99-39-23(6) (Rev 2015).  Culbert filed his latest PCR motion nearly twenty years beyond the applicable three-year limitations period.  This is also his fifth attempt for post-conviction relief.  So his motion is obviously both time-barred and successive-writ barred unless he can show an exception to these procedural bars. *See Bell v. State*, 95 So. 3d 760, 763 (¶10) (Miss. Ct. App. 2012) (citation omitted).

¶5.  "[E]rrors affecting fundamental constitutional rights are excepted from the procedural

bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "the mere assertion of a constitutional right violation" does not trigger the exception. *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009). "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Ross v. State*, 87 So. 3d 1080, 1082 (¶8) (Miss. Ct. App. 2012) (quoting *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)).

¶6.     Culbert has failed to provide any legitimate reason that the successive-writ bar or time-bar should not apply, nor do we find any. Procedural bars notwithstanding, the trial judge correctly held that *Daniels v. State*, 742 So. 2d 1140 (Miss. 1999), relied on by Culbert, was overruled by *Wilson v. State*, 194 So. 3d 855 (Miss. 2016).[1]

¶7.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

---

[1] *Daniels* held that, when a statute is amended before sentencing and provides for a lesser penalty, the lesser penalty must be imposed. 742 So. 2d at 1145 (¶17).