308 So.2d 87 (1975)
Jessie LAMPLEY
v.
STATE of Mississippi.
No. 48270.
Supreme Court of Mississippi.
February 17, 1975.
*88 Gerald Blessey, Paul S. Minor, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
RODGERS, Presiding Justice:
This is an appeal from an order of the Circuit Court of the First Judicial District of Harrison County, Mississippi, denying appellant's petition for resentencing.
During the September, 1972 term of the Circuit Court of Harrison County, Mississippi, the appellant was convicted of the crime of rape of a female of the age of twelve years or over, under Mississippi Code Annotated Section 97-3-65 (1972). When the appellant's trial on the merits was concluded, the jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment, but hereby certify to the court that we are unable to agree as to punishment." Immediately thereafter, the trial judge sentenced the appellant to life imprisonment under compulsion of Mississippi Code Annotated Section 97-3-65 (1972) since this section carried a mandatory sentence of life imprisonment. Section 97-3-65 then provided for the death penalty, but since the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the previous statutory method of applying the death penalty is invalid. See Peterson v. State, 268 So.2d 335 (Miss. 1972).
The appellant appealed to the Mississippi Supreme Court. The conviction was affirmed on March 4, 1974, and a petition for rehearing was denied on April 8, 1974. Lampley v. State, 291 So.2d 707 (Miss. 1974).
On March 29, 1974, the 1974 session of the Mississippi Legislature passed Senate Bill No. 2341, which became Ch. 576, [1974] Miss.Gen.Laws [10 Adv.Sheet 39]. This chapter was subsequently approved by the Governor on April 23, 1974.
Section 8 of Chapter 576 amends Mississippi Code Annotated Section 97-3-65 (1972) as to the procedure for sentencing under certain circumstances. Prior to the amendment of this section, a sentence of *89 life imprisonment was mandatory. The amended statute, Mississippi Code Annotated Section 97-3-65 (Supp. 1974), sub-section 2 provides in part as follows:
"Every person who shall forcibly ravish any female of the age of twelve (12) years or upward ... upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine."
Inasmuch as the facts of the present case seem to come within the provisions of Section 97-3-65, as amended, the appellant filed a petition for resentencing on May 6, 1974, in the trial court. He requested the lower court to review the appellant's sentence of life imprisonment and to consider a term which would be appropriate under the facts of this case. However, on May 6, 1974, the lower court denied the appellant's petition on the grounds that Mississippi Code Annotated Section 97-3-65 (Supp. 1974) did not give the court the authority to reduce a sentence imposed before the amendment became law. The trial court was also of the opinion that Mississippi Code Annotated Section 99-19-33 (1972) was not applicable to such a case since the statute providing for a milder sentence was passed after the sentence had already been imposed. The trial court's order appears in full as follows:
"The petition of the defendant to reduce his sentence is denied for the reason that in the opinion of the court section 97-3-65, Code 1972, as amended by Senate Bill No. 2341 of the Regular Session 1974 of the Mississippi Legislature, does not give the court authority to reduce a sentence imposed before the passage of the amendment, the sentence in this case having been imposed in 1972. Also, in the opinion of the court, section 97-19-33, Code 1972 (where penalty modified milder penalty may be imposed) does not apply to a case where the statute providing for a milder sentence is passed after the sentence has been imposed."
The appellant appealed from this order, and argues the following assignments of error:
(1) The trial court erred in holding that Chapter 576, Laws of 1974, regular session of the Mississippi Legislature, was inapplicable to resentencing in this case; and
(2) The trial court erred in holding that Section 99-19-33, Mississippi Code Annotated (1972), is inapplicable to a case when the sentence has been imposed prior to the enactment of the statute providing a milder sentence.
We are of the opinion that the trial court was correct in its judgment on the motion to resentence for the following reasons.
The judgment of the trial court became final as of the date when the petition for rehearing was denied by the Supreme Court of Mississippi, namely, April 8, 1974. The new law, Mississippi Code Annotated Section 97-3-65 (Supp. 1974), originating from Ch. 576, § 8 [1974] Miss.Gen.Laws [10 Adv.Sheet 43], did not become effective until April 23, 1974, at the time when it was approved and signed by the Governor. See Miss.Const. § 72.
The appellant contends that Mississippi Code Annotated Section 99-19-33 (1972) gives him the right to have his sentence reviewed by the trial court. Section 99-19-33 is in the following language:
"If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under preexisting law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such *90 error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty."
This section gives the trial judge the right to sentence one convicted of crime after the law has been changed so as to permit a milder sentence before the conviction has become final, and is, therefore, not applicable under the facts in the instant case.
The legislature can and has on occasions permitted the trial court to resentence a defendant for a milder sentence where the authorization to so do is written into the new law. See, e.g., Mississippi Code Annotated Section 41-29-149 (Supp. 1974).
However, the legislature has expressly provided that the previous law will remain in effect for the purpose of providing punishment, unless otherwise specially provided in the new statute.
Mississippi Code Annotated Section 99-19-1 (1972) is in the following language:
"No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes." (Emphasis added).
We are of the opinion and so hold that under the facts in the instant case the sentence had become final and the trial court was correct in refusing to resentence the defendant.
The order of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.