IRVING, J.,
for the Court.
¶ 1. Derrick Peterson pleaded guilty in the Circuit Court of Sunflower County to uttering a forgery in the amount of $281 and was sentenced to eight years in the custody of the Mississippi Department of Corrections. On July 6, 2006, Peterson filed a petition to vacate his sentence, claiming that his sentence is illegal. The trial court denied Peterson’s request for relief. Aggrieved, Peterson appeals and asserts that the trial court erred in failing to sentence him pursuant to the current version of Mississippi Code Annotated section 97-21-33 (Rev.2006).
¶ 2. Finding no error, we affirm.
DISCUSSION AND ANALYSIS OF THE ISSUE
¶ 3. “When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Lambert v. State, 941 So.2d 804, 807(¶ 14) (Miss.2006) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). Peterson contends that he should have been sentenced to “[six] months in the county jail, or $1,000.00 fine or both” pursuant to the version of section 97-21-33 in effect at the time of his sentencing. We disagree.
¶ 4. Mississippi Code Annotated section 99-19-33 (Rev.2000) provides in part:
If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment.
*30 ¶ 5. The Mississippi Supreme Court held in Daniels v. State, 742 So.2d 1140, 1145(¶ 17) (Miss.1999) that “when a statute is amended before sentencing and provides for a lesser penalty, the lesser penalty must be imposed.” Additionally, in Lampley v. State, 308 So.2d 87, 90 (Miss.1975), the Mississippi Supreme Court held that, “[section 99-19-33] gives the trial judge the right to sentence one convicted of [a] crime after the law has been changed so as to permit a milder sentence before the conviction has become final....”
¶6. Peterson’s conviction became final ten days after December 1, 2003, the date on which he was sentenced. The amended version of section 97-21-33 became effective July 1, 2003. 2003 Miss. Laws, Chapter 499, § 6. Therefore, Peterson was entitled to be sentenced under the amended version of section 97-21-33, inasmuch as it was amended before his conviction became final. However, as will be discussed later in this opinion, the sentence that Peterson received was allowable under the amended version of section 97-21-33. Thus, despite Peterson’s contentions to the contrary, his sentence is legal.
¶ 7. Peterson was indicted in June 2002, when section 97-21-33 read as follows:
Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.
The current version of section 97-21-33, which was 'changed to its present form July 1, 2003, provides:
Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years, or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both; provided, however, that when the amount of value involved is less than Five Hundred Dollars ($500.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both, within the discretion of the court.
(emphasis added).
¶ 8. In denying Peterson’s motion, the trial judge pointed out that:
Mr. Peterson’s sentence is legal under Miss.Code Ann. § 97-21-33 as amended, because the decision to punish the person convicted of forgery when the value is less than five hundred dollars ($500.00) by imprisonment in the county jail, or by fine is within the discretion of the judge and the use of the term may allows [sic] the judge to sentence the person to a term of not less [than] two (2) years nor more than ten (10) years.
We agree with the findings of the trial judge. Therefore, we find no merit to this issue.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.