# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01107-COA

**WILLIE LEE MADDEN, JR. A/K/A WILLIE L. MADDEN, JR. A/K/A WILLIE LEE MADDEN**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIE LEE MADDEN JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION COLLATERAL RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 02/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Willie Lee Madden Jr. appeals the denial of his fifth motion for post-conviction collateral relief (PCCR).  Madden requested a reduction of his sentence based on recent amendments to the sentencing requirements in Mississippi Code Annotated section 41-29-139.  The circuit court denied the motion.  We find no error and affirm.

¶2.     In 2004, Madden pleaded guilty to the charge of transfer of a controlled substance. The Court sentenced Madden as a habitual offender to fifteen years to serve day-for-day. *See* Miss. Code Ann. § 99-19-81 (Rev. 2015).  Madden has subsequently filed multiple PCCR

motions before this Court.[1]  Each has been denied or dismissed.

¶3.    When "reviewing a trial court's dismissal of [a PCCR motion], . . . [w]e will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009).  "[W]here questions of law are raised, the applicable standard of review is de novo."  *Id.*

¶4.    The Court notes that Madden's PCCR motion was untimely filed and constitutes a successive writ.  *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015).  Despite these procedural bars, the Court will address Madden's claim.

¶5.    In the motion now before us, Madden seeks a reduction in his sentence based on House Bill 585, a 2014 Legislative amendment to  the sentencing requirements found in section 41-29-139.  The penalty for the transfer of a controlled substance was amended to "not more than eight years."  Miss. Code Ann. § 41-29-139(b)(1) (Supp. 2015).  Madden is currently serving fifteen years under the former version of the statute.  *See* Miss. Code Ann. § 41-29-139(b)(1) (Supp. 2004).

¶6.    The Mississippi Supreme Court has held that when sentencing occurs before a statutory amendment, the statute that existed at the time of the sentencing applies.  *Lampley v. State*, 308 So. 2d 87, 90 (Miss. 1975).  If the Legislature chooses to apply an amendment to the sentencing requirements retroactively, it may provide such an instruction in the

---

[1] *See Madden v. State*,176 So. 3d 35 (Miss. Ct. App. 2014); *Madden v. State*, 75 So. 3d 1130 (Miss. Ct. App. 2011); *Madden v. State*, 52 So. 3d 411 (Miss Ct. App. 2010); *Madden v. State*, 991 So. 2d 1231 (Miss. Ct. App. 2008).

language of the amendment. *Id.* The 2014 amendments provide no such instruction. Thus,

Madden is not entitled to a reduction in his sentence. We find no error and affirm.

¶7.     **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**