# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00530-COA

**MICHAEL ANTHONY MORGAN A/K/A**           **APPELLANT**
**MICHAEL A. MORGAN A/K/A MICHAEL**
**MORGAN**

**v.**

**STATE OF MISSISSIPPI**                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL ANTHONY MORGAN (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF AND REFUSED TO AUTHORIZE FOR PAROLE ELIGIBILITY |
| DISPOSITION: | AFFIRMED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Michael Morgan appeals the Harrison County Circuit Court's refusal to authorize him as parole eligible. Morgan argues that he is entitled to be declared parole eligible under recently amended Mississippi Code Annotated section 47-7-3(1)(g)(iii) (Rev. 2015) because he is a non-violent habitual offender who has served twenty-five percent of his sentence. He also argues that his sentence of thirteen and a half years for the transfer of cocaine is illegal

and should be reduced. Because the court's order denying Morgan's request for a parole recommendation is not an appealable order, and because Morgan's sentence is within that permitted by law, we find Morgan's arguments to be without merit and affirm the circuit court's denial of post-conviction relief.

## FACTS AND PROCEEDINGS BELOW

¶2.     In February 2012, Morgan pleaded guilty to transfer of a controlled substance and was sentenced to serve thirteen and a half years as a habitual offender with credit for time served. Following 2015 legislative amendments to the relevant sentencing and parole-eligibility schemes, Morgan filed a pro se motion for what he styled "post-conviction relief" in the trial court. He requested that the trial judge authorize him to be eligible for parole consideration, and that the court find his sentence to be unconstitutionally disproportionate. The trial court denied the motion for relief in an order entered March 10, 2015, stating:

> A review of the motion filed by [Morgan] contains nothing that persuades this Court to make the unusual and exceptional recommendation for parole that is allowed by the amendment to the statute. . . . Morgan's sentence was within that allowed by law. "The purpose of habitual offender acts is to punish not only for the immediate offense, but to punish for a pattern of criminal conduct." *Berry. v. State*, 907 So. 2d 1011, 1013 (¶10) (Miss. Ct. App. 2005).

Morgan appeals pro se to this Court. The State filed a motion to dismiss Morgan's appeal arguing that the trial court's denial of Morgan's motion for a parole recommendation was not an appealable judgment. We passed the motion for consideration with the merits.

## DISCUSSION

¶3.     When reviewing a trial court's denial of post-conviction relief, we review factual findings for clear error. *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009).

Questions of law are reviewed de novo. *Id*.

### I.   Whether the trial court's denial of Morgan's request for a parole recommendation is an appealable judgment.

¶4.   The State has filed a motion to dismiss arguing that the trial court's denial of Morgan's request for a parole recommendation is not an appealable judgment. On October 8, 2015, the Mississippi Supreme Court granted a similar Motion to Dismiss Appeal in *Gamage v. State*, No. 2015-CP-00593-SCT, finding that such orders are not appealable. The court's *Gamage* order states in part:

> On October 20, 2014, Melvin Gamage filed a pro se Petition for Hearing Before the Parole Board in the Circuit Court of Harrison County, Second Judicial District, which sought "a recommendation to the Mississippi Parole Board, for an early release and/or parole," from the circuit judge, pursuant to recent amendments to Mississippi Code Section 47-7-3. *See* Miss. Code Ann. § 47-7-3(1)(g)(iii) ("Notwithstanding the provisions of paragraph (1)(a) of this section, any nonviolent offender who has served twenty-five percent (25%) or more of his sentence may be paroled if the sentencing judge or senior circuit judge, recommends parole to the Parole Board and the Parole Board approves"). The circuit court denied that petition, as well as Gamage's pro se Motion for Hearing (in the nature of a motion for reconsideration). Gamage then filed a pro se notice of appeal from the circuit court's Orders.
>
> After due consideration, the Court finds that the circuit court's Orders fail to implicate an appealable judgment.

Accordingly, we find that the trial court's denial of Morgan's request for a parole recommendation is not an appealable order and therefore do not address the merits of this claim.[1]

### II.   Whether Morgan's thirteen-and-a-half-year sentence is illegal.

---

[1] Because Morgan also raises a PCR challenge arguing that his sentence is illegal, we deny the State's motion to dismiss in order to address this second claim.

¶5. Morgan argues that his thirteen-and-a-half-year sentence for transfer of a controlled substance is illegal because it exceeds the new statutory maximum of eight years as set by recent amendments to the sentencing scheme found in Mississippi Code Annotated section 41-29-139(b)(1) (Supp. 2015). "[W]hen a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." *Daniels v. State*, 742 So. 2d 1140, 1145 (¶17) (Miss. 1999).

¶6. This is not the situation we have in this case. At the time of Morgan's crime and sentencing, the statute provided for a penalty of up to thirty years for transfer of the controlled substance. *See* Miss. Code Ann. § 41-29-139(b)(1) (Supp. 2010). When a person is sentenced prior to a statute's amendment, the penalty of the statute as it existed at the time of sentencing applies. *Davis v. State*, 738 So. 2d 299, 300 (¶3) (Miss. Ct. App. 1999).

¶7. This Court recently addressed this exact issue in *Madden v. State*, 186 So. 3d 941 (Miss. Ct. App. 2016). Madden pleaded guilty to transfer of a controlled substance in 2004 and was sentenced to fifteen out of a possible thirty years. This Court denied Madden's post-conviction motion following the same legislative amendments Morgan invokes here, noting that the legislative amendments did not provide an instruction making the new sentencing scheme retroactive. *Id*. at 942 (¶6).

¶8. Morgan's thirteen-and-a-half-year sentence was well within the thirty years permitted by law and is not illegal. This issue is without merit.

**CONCLUSION**

¶9. The trial court's order denying Morgan's request for a parole recommendation is not

4

an appealable judgment. Morgan's sentence is not illegal. We therefore affirm the circuit court's denial of Morgan's request for post-conviction relief.

¶10.   **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**