# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00252-COA

**LINDA FAY BARNETT-PHILLIPS A/K/A LINDA BARNETT-PHILLIPS A/K/A LINDA BARNETT**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:                    01/16/2015
TRIAL JUDGE:                    HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:                    RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:                    CODY WILLIAM GIBSON
                                           PERCY STANFIELD JR.
                                           WILLIAM SCOTT MULLENNIX
ATTORNEY FOR APPELLEE:                    OFFICE OF THE ATTORNEY GENERAL
                                           BY: SCOTT STUART
NATURE OF THE CASE:                    CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:                    MOTION FOR POST-CONVICTION RELIEF
                                           DISMISSED
DISPOSITION:                    AFFIRMED - 06/14/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Linda Fay Barnett-Phillips appeals the dismissal of her motion for post-conviction relief. Because we find her motion is without merit, we affirm the circuit court's dismissal.

## FACTS AND PROCEDURAL BACKGROUND

¶2.    On June 11, 2012, Barnett-Phillips pleaded guilty to two counts of sale of ten dosage units (DU) of alprazolam, more commonly known as Xanax or Niravam. On count one, the circuit court sentenced Barnett-Phillips to twenty years' incarceration, with fifteen years to

serve and five years of post-release supervision. On count two, the circuit court sentenced Barnett-Phillips to twenty years, with one day to serve and five years of post-release supervision. The circuit court entered the judgment on June 20, 2012. Barnett-Phillips did not appeal.

¶3. In the 2014 regular session, approximately one and one-half years after Barnett-Phillips was sentenced, the Mississippi Legislature amended Mississippi Code Annotated sections 41-29-139 and 47-7-3, changing the maximum sentence for sale of alprazolam in the amount for which Barnett-Phillips pleaded guilty from twenty years to eight years, and changing the criteria for parole eligibility. 2014 Miss. Laws ch. 457, §§ 37, 40 (H.B. 585). The Legislature did not provide that the changed maximum sentence should apply retroactively. *See* 2014 Miss. Laws ch. 457 (H.B. 585).

¶4. On December 11, 2014, Barnett-Phillips filed in the circuit court a "Petition for Post-Conviction Relief [(PCR)] and Motion for Recommendation to the Mississippi Parole Board [(Parole Board)] for Early Release." On January 16, 2015, the circuit court dismissed the PCR petition and declined to recommend to the Parole Board that Barnett-Phillips be paroled. The circuit court found from the face of Barnett-Phillips's petition and motion that she was not entitled to any relief and entered an order of dismissal under Mississippi Code Annotated section 99-39-11(2) (Rev. 2015). The circuit court also declined to recommend to the Parole Board that Barnett-Phillips be paroled under Mississippi Code Annotated section 47-7-3. Barnett-Phillips appeals the dismissal and failure to recommend parole to this

Court.

## DISCUSSION

¶5.     We review the dismissal of a PCR motion under an abuse-of-discretion standard. *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013). We will only reverse if the circuit court's decision was clearly erroneous. *Id*. We review questions of law de novo. *Id*.

¶6.     On appeal, Barnett-Phillips argues the circuit court erred in dismissing her PCR motion because it failed to retroactively apply amendments to the statute under which she was sentenced.[1] She also argues that the circuit court erred in not granting a positive recommendation of parole.[2] We find Barnett-Phillips's arguments are without merit.

### I.      Unlawful and Unconstitutional Sentence

¶7.     Under Mississippi Code Annotated section 99-19-1 (Rev. 2015), a statutory change

---

[1] Barnett-Phillips cites Mississippi Code Annotated section 41-29-139(b)(4)(A). That section applies to the sale of *less than* ten DU of alprazolam. She was convicted of sale of ten DU of alprazolam. So section 41-29-139(b)(4)(B) would be the correct subsection if the current version of the statute applied. But as discussed in this opinion, the statute does not apply retroactively.

[2] Barnett-Phillips only challenges the denial of her request for *judicial authorization* of parole eligibility, not whether she is *eligible* for parole. Thus we do not address the issue of her parole eligibility. However, in *Sinko v. State*, 2015-CA-00107-COA, 2016 WL 1423430 (Miss. Ct. App. Apr. 12, 2016), we held that, based on other parts of the 2014 legislation cited above, a defendant who was convicted under section 41-29-139(a), not in excess of the amounts specified in section 41-29-139(b), prior to July 1, 2014, was no longer *ineligible* for parole by reason of that conviction. In addition, the Governor recently signed into law a measure clarifying expansion of parole eligibility for persons convicted of selling or manufacturing controlled substances. *See* 2016 Miss. Laws H.B. 107.

affecting conviction or sentencing has no application to crimes committed prior to enactment of the change, unless specifically stated in the amending statute. Miss. Code Ann. § 99-19-1. While the Legislature can permit the trial court to resentence a defendant for a milder sentence where such authorization is specifically stated in the amended law, section 99-19-1 expressly states that the previous law will "remain in effect for the purpose of providing punishment, unless otherwise specially provided in the new statute."[3] *McBride v. State*, 914 So. 2d 260, 264 (¶11) (Miss. Ct. App. 2005) (quoting *Lampley v. State*, 308 So. 2d 87, 90 (Miss. 1975)).

¶8.     The right to be free from an unlawful sentence is a fundamental right. *Alexander v. State*, 879 So. 2d 512, 514 (¶9) (Miss. Ct. App. 2004). "When a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." *Culbert v. State*, 800 So. 2d 546, 552 (¶19) (Miss. Ct. App. 2001) (citing *Daniels v. State*, 742 So. 2d 1140, 1145 (¶17) (Miss. 1999)). However, when a person is sentenced prior to a statute's amendment, the penalty of the statute as it existed at the time of sentencing applies. *Id.* (citing *Davis v. State*, 738 So. 2d 299, 300 (¶3) (Miss. Ct. App. 1999)).

---

[3] Under Mississippi Code Annotated section 99-19-33 (Rev. 2015), "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." *Daniels v. State*, 742 So. 2d 1140, 1145 (¶17) (Miss. 1999). However, we find that section 99-19-33 does not apply to Barnett-Phillips as she was convicted *and* sentenced years before Mississippi Code Annotated section 41-29-139, the sentencing statute applicable to Barnett-Phillips, was amended.

¶9.     Barnett-Phillips argues the circuit court should resentence her in accordance with section 41-29-139 as amended in 2014; that we should ignore section 99-19-1 because its application is archaic; and that section 99-19-33 allows her to avail herself of the amended version based on timing alone. We disagree.

¶10.    The law is clear on this matter, and we have specifically stated that a sentence is not made unlawful upon the passage of an amendment to the sentencing statute after the sentence has become final. *McBride*, 914 So. 2d at 264 (¶11) (citing *Lampley*, 308 So. 2d at 90). The revision to section 41-29-139 was made effective July 1, 2014, nearly two years after Barnett-Phillips's sentencing on June 11, 2012. The Legislature could have required resentencing under the amended statute, but it did not. Further, the Legislature, through the plain text of section 99-19-1, has stated that if it means for a sentencing statute to be retroactive, then it will say so in the text of the statute itself. We find Barnett-Phillips's claim that she should be resentenced under the amended version of the statute is without merit.

¶11.    Barnett-Phillips argues that Mississippi Code Annotated section 99-19-33 allows her to benefit from the new law based on the timing of the sentencing rather than the commission of the crime. Miss. Code Ann. § 99-19-33. "This section gives the trial judge the right to sentence one convicted of [a] crime after the law has been changed so as to permit a milder sentence before the conviction has become final." *Lampley*, 308 So. 2d at 90. The statute gives the circuit court judge the ability to sentence according to the milder punishment when the sentencing law changes between the date of conviction and the conviction becoming

5

final. Here, Barnett-Phillips's conviction became final when she did not appeal. The statutory changes to section 41-29-139 were made after Barnett-Phillips's conviction became final. Section 99-19-33 has no bearing on Barnett-Phillips, and we, therefore, find her argument without merit.

¶12.    Barnett-Phillips further argues that this Court can ignore section 99-19-1 because it is archaic. Barnett-Phillips does not provide any authority to reinforce her claim that we may ignore a statute simply because it has been in effect longer than others. Failure to cite any authority may be treated as a procedural bar, and the Court is under no duty to consider assignments of error in such instances. *Williams v. State*, 708 So. 2d 1358, 1361 (¶12) (Miss. 1998). This Court finds this issue is without merit.

**II.    Denial of Parole Recommendation**

¶13.    Any offender, not having committed a violent crime under section 97-3-2, and having served twenty-five percent or more of her sentence, may be paroled by the Parole Board if the sentencing judge authorizes the offender to be eligible for parole consideration. Miss. Code Ann. § 47-7-3(1)(g)(iii).

¶14.    Barnett-Phillips argues that the circuit court erred when it declined to recommend to the Parole Board that she be deemed parole eligible.[4] She again points to the amended parts of Mississippi Code Annotated section 47-7-3 and a "Task Force Final Report" for House

---

[4] Barnett-Phillips cites Mississippi Code Annotated section "47-7-7(3)(1)(f)" for statutory authority. Section 47-7-7 was repealed effective July 1, 1976. We assume that she meant section 47-7-3(1)(f).

Bill 585—the bill that made the amendments to section 47-7-3 law. Though this report does provide some insight into the legislative intent behind the amendments, it is not controlling in this situation. The plain language of the statute is unambiguous and clear. *Davis*, 750 So. 2d at 1233. There is no need to resort to rules of statutory interpretation when the language used by the Legislature is unambiguous and clear. *Davis v. Pub. Emps' Ret. Sys.*, 750 So. 2d 1225, 1233 (¶25) (Miss. 1999).

¶15. The plain language of section 47-7-3 unambiguously provides that the circuit court judge had discretion to issue a positive or negative recommendation for parole eligibility. It uses the word "may" regarding recommending parole eligibility, not "shall." "A basic tenet of statutory construction is that 'shall' is mandatory and 'may' is discretionary." *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 854 (¶9) (Miss. 2012). Barnett-Phillips's claim that the circuit court erred by issuing a negative recommendation for parole eligibility is without merit.

¶16. Furthermore, the Mississippi Supreme Court has ordered that the denial of a recommendation to the Parole Board for an early release and/or parole, pursuant to section 47-7-3, "fail[s] to implicate an appealable judgment." *Gamage v. State*, No. 2015-CP-00593-SCT (Miss. Oct. 8, 2015) (en banc order).

## CONCLUSION

¶17. Because we find Barnett-Phillips's claims are without merit, we affirm the circuit court's dismissal of her PCR motion. The negative recommendation for parole eligibility,

7

pursuant to the supreme court's en banc order in *Gamage v. State*, is not an appealable judgment.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**