# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00829-COA

RITA WOOD A/K/A RITA BUSH A/K/A RITA
KAY WOODS A/K/A RITA KAY BUSH A/K/A
RITA KAY WOOD

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2015 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RITA WOOD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 09/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Rita Wood appeals the dismissal of her petition for post-conviction collateral relief (PCCR). Wood requests that this Court grant her a parole date, allow her to serve the remainder of her sentence on house arrest, or alter her sentences to run concurrently.

¶2.     On January 30, 2009, Wood was indicted for possession of methamphetamine and possession of methamphetamine precursors. Miss. Code Ann. §§ 41-29-139 & 41-29-313 (Supp. 2015). Wood also had another two-count indictment under a different cause number, where she was charged with possession of methamphetamine and sale of methamphetamine.

Wood pleaded guilty to one count from each indictment – possession of methamphetamine precursors and sale of methamphetamine. In exchange for these pleas, the State retired the other two counts to the files. For each count, Wood was sentenced to serve twelve years consecutively in the custody of the Mississippi Department of Corrections and five years on post-release supervision. Wood was also ordered to pay a $5,000 fine for each count.

¶3. On February 24, 2015, Wood filed a "Motion for Consideration" with the trial court, which was addressed as a petition for PCCR. Wood requested that her sentences be altered to run concurrently rather than consecutively or that she be placed on house arrest. The trial court denied her motion. Wood now appeals.

## STANDARD OF REVIEW

¶4. "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Morris v. State*, 66 So. 3d 716, 719 (¶13) (Miss. Ct. App. 2011). But "when issues of law are raised, the proper standard of review is de novo." *Id.*

## ANALYSIS

¶5. Wood now asks the Court to grant her a parole date, alter her sentence to house arrest, or alter the sentences to run concurrently rather than consecutively. The State argues that Wood's motion is time-barred. We agree.

¶6. "Under [Mississippi Code Annotated section 99-39-5(2) (Supp. 2015)], a movant has three years to file a [PCCR] motion, and failure to file a [PCCR] motion within the three years is a procedural bar." *Blount v. State*, 126 So. 3d 927, 930-31 (¶12) (Miss. Ct. App.

2

2013). Wood pleaded guilty and was sentenced on May 13, 2010. She did not challenge her sentence until February 24, 2015. Wood's motion is time-barred.

¶7.     However, "[t]here are . . . several statutory and judicially created exceptions to the legislatively imposed time-bar. Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the movant can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired sentence." *Id.* at (¶13). Courts also except from procedural bars "errors affecting fundamental constitutional rights." *Id.* (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)). The movant bears the burden "to prove an exception applies." *Id.* at (¶14). Here, Wood claims no exceptions to the time-bar; therefore, Wood's motion does not overcome the procedural time-bar.

¶8.     Furthermore, Wood failed to raise the issue as to her parole date before the circuit court in her petition. "Issues not raised in the [petition] for post-conviction relief [before the trial court] are procedurally barred on appeal." *Smith v. state*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007).

¶9.     Wood also requests that the Court adjust her sentence by either allowing her to serve the remainder on house arrest or altering the sentences to run concurrently. But "the supreme court has held that if the sentence imposed by a trial court is within the statutory limits, the sentence will not be reviewed on appeal." *Lewis v. State*, 988 So. 2d 942, 944-45 (¶8) (Miss. Ct. App. 2008). Wood was sentenced properly within the limits of the statutes as they existed at the time of her sentencing. *See* Miss. Code Ann. §§ 41-29-313 & 41-29-139; *Lampley v.*

3

*State*, 308 So. 2d 87, 90 (Miss. 1975).  Therefore, this issue is without merit.

**¶10.     THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**