# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-KA-01483-SCT

*LARRY PRESS WELLS a/k/a LARRY P. WELLS*
*a/k/a LARRY PRESTON WELLS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| TRIAL COURT ATTORNEYS: | MITCHELL LANCE OWEN |
| | JAMES LLOYD DAVIS, III |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: HUNTER NOLAN AIKENS |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.

## KITCHENS, JUSTICE, FOR THE COURT:

¶1. Larry Wells was convicted of possession of cocaine with intent to transfer pursuant to Mississippi Code Section 41-29-139(a)(1) (2005) and was sentenced as an habitual offender and a recidivist drug offender to sixty years in the custody of the Mississippi Department of Corrections. *Wells v. State*, 160 So. 3d 1136, 1140 (Miss. 2015), *overruled*

*on other grounds by* ***Rowsey v. State***, 188 So. 3d 486 (Miss. 2015). Wells appealed his conviction and sentence and this Court affirmed the conviction but remanded the case for resentencing. ***Id.*** at 1147. On remand, the Circuit Court of the First Judicial District of Harrison County declined to apply the subsequent-drug-offender enhancement and reduced Wells's sentence from sixty years to thirty years. Wells appealed, contending that the trial court's refusal to sentence him under the amended version of the statute, which became effective before his resentencing, was erroneous. But, because the statutory amendment occurred several years after the commission of the crime and after Wells's initial sentencing, we affirm the second sentence imposed by the trial court.

### FACTS AND PROCEDURAL HISTORY

¶2. Wells was indicted for possession of 0.04 grams of cocaine[1] with the intent to distribute on October 1, 2007. ***Wells***, 160 So. 3d at 1140. On October 11, 2007, the State moved to amend the indictment to allege that Wells was an habitual offender under Mississippi Code Section 99-19-81 (2007).[2] ***Id.*** Five days before trial, on April 24, 2009, the

---

[1] "0.04 grams is roughly 1/1,000 of an ounce." ***Wells***, 160 So. 3d at 1140.

[2] Section 99-19-81 provided, in pertinent part that:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony . . . upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (2007).

State moved to amend Wells's indictment to allege that he was a subsequent drug offender under Mississippi Code Section 41-29-147 (2009).[3] *Id.* A jury in the Circuit Court of the First Judicial District of Harrison County convicted Wells of possession of cocaine with intent to distribute in violation of Mississippi Code Section 41-29-139(a)(1) (2009).[4] *Id.* Wells was sentenced as an habitual offender and as a subsequent drug offender to a total of sixty years without the possibility of parole. *Id.*

¶3.     On appeal, this Court affirmed Wells's conviction but vacated his sentence. We observed that "the trial court believed it had no choice but to double Wells's sentence as a subsequent drug offender" and that such belief was erroneous because "Section 41-29-147 says that 'any person convicted of a second or subsequent offense under this article *may be imprisoned* for a term up to twice the term otherwise authorized . . . .'" *Id.* at 1146 (quoting Miss. Code Ann. § 41-29-147 (Rev. 2013)) (emphasis in opinion). Because sentencing under Section 41-29-147 is discretionary, this Court remanded the case for resentencing "so the trial judge can determine, in his discretion, whether to enhance Wells's sentence as a subsequent drug offender, or not." *Wells*, 160 So. 3d at 1146.

¶4.     On remand, the Circuit Court of the First Judicial District of Harrison County conducted a hearing. The court "ruled that the penalty shall not be enhanced and the original

_____

   [3] Section 41-29-147 provided, in pertinent part, that "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term authorized . . . ." Miss. Code Ann. § 41-29-147 (2009).

   [4] Mississippi Code Section 41-29-139(b)(1) then prescribed a sentence of "not more than thirty (30) years . . ." for possession with intent to sell "controlled substances classified in Schedule I or II . . . ." Miss. Code Ann. §§ 41-29-139(a)(1), (b)(1) (2009). Cocaine was classified as a Schedule II substance. Miss. Code Ann. § 41-29-115(A)(a)(4) (2009).

sentence of Thirty (30) Years pursuant to Section 99-19-81 . . . without hope of parole or probation in the custody of the Mississippi Department of Corrections is hereby reinstated."

¶5.     Aggrieved, Wells filed a notice of appeal, a motion to proceed *in forma pauperis*, and an affidavit of poverty. The court adjudicated Wells indigent and appointed the Mississippi Office of Indigent Appeals to represent him on appeal. On appeal, Wells raises a single issue, arguing that he should have been sentenced under the amended penalty for possession with intent to sell 0.04 grams of a Schedule II controlled substance. *See* Mississippi Code Section 41-29-139(b)(1)(A) (Supp. 2016) (A person, upon conviction for an amount of the Schedule II controlled substance of "[l]ess than two (2) grams or ten (10) dosage units," may "be imprisoned for not more than eight (8) years . . . .")

## STANDARD OF REVIEW

¶6.     "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." **Burgess v. State**, 178 So. 3d 1266, 1279 (Miss. 2015) (quoting **Reynolds v. State**, 585 So. 2d 753, 756 (Miss. 1991)). "This Court reviews questions of law de novo." **King v. State**, 165 So. 3d 1289, 1291 (Miss. 2015) (citing **Bell v. State**, 160 So. 3d 188, 189 (Miss. 2015)).

## ANALYSIS

¶7.     When Wells was sentenced the first time, in April 2009, the potential prison time for possession of cocaine with intent to distribute, irrespective of amount, was not more than thirty years. Mississippi Code Section 41-29-139(b)(1) (2009). Section 41-29-139 was

4

amended in 2014,[5] and now prescribes a maximum prison sentence of eight years for possession of "[l]ess than two (2) grams or ten (10) dosage units" of cocaine with intent to distribute. Miss. Code Ann. § 41-29-139(b)(1)(A) (Supp. 2016). This Court remanded Wells's case for resentencing on February 12, 2015, and the mandate issued on May 7, 2015.[6] After a sentencing hearing, which was conducted on September 8, 2015, Wells was resentenced on September 9, 2015, to thirty years' imprisonment without the possibility of probation or parole.

¶8. Mississippi Code Section 99-19-33 provides:

> If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.

Miss. Code Ann. § 99-19-33 (Rev. 2015). Wells argues that this Court has "interpreted Section 99-19-33 to mean that, where a sentencing statute is amended to provide for a lesser penalty, the trial court *must* impose the lesser penalty if the statute is amended before sentencing." (citing **Daniels v. State**, 742 So. 2d 1140 (Miss. 1999); **West v. State**, 725 So. 2d 872 (Miss. 1998)) (emphasis in original).

---

[5] House Bill 585 was approved by the governor on March 31, 2014, and took effect on July 1, 2014. *See* Miss. Code Ann. § 41-29-139 (Supp. 2016).

[6] Wells's motion for rehearing was denied on April 30, 2015.

¶9. It is true that this Court has held that "when a statute is amended to provide for a lesser penalty, and the amendment takes effect before sentencing, the trial court must sentence according to the statute as amended." *Daniels*, 742 So. 2d at 1145. The Court was applying the interpretation of Section 99-19-33 from *West v. State*:

> Although the language seems to suggest discretion in stating that the lighter sentence may be imposed by the court, the subsequent sentence states that a judge's failure to impose the lighter sentence is error. Moreover, such error entitles the party injured to a vacation or reversal of the punishment portion of the judgment. Thus, it appears that the use of "may" in the first sentence in fact intends to convey "shall," for there can be no discretion to decline to apply an amendatory provision if declining to do so results in reversible error. This Court has held that while permissive language of a statute is presumably interpreted in its ordinary sense, it will be interpreted as mandatory where the context compels such a construction. *Leflore Bank & Trust Co. v. Leflore County*, 202 Miss. 552, 558, 32 So. 2d 744, 746 (1947). Thus, a harmonized reading of § 99–19–33 compels this Court to construe "may" as "shall."

*West*, 725 So. 2d at 881.

¶10. Recently, this Court overruled *West* and *Daniels*. *Wilson v. State*, 194 So. 3d 855, 874 (Miss. 2016). Wilson had been convicted for receiving stolen property after the statutory penalty for that crime was reduced from up to ten years to up to five years. *Id.* The trial court sentenced Wilson, pursuant to the older and harsher version of the statute, to ten years' imprisonment. *Id.* This Court affirmed, noting the language of Mississippi Code Section 99-19-1:

> No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such

penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

***Wilson***, 194 So. 3d at 867 (quoting Miss. Code Ann. § 99-19-1 (Rev. 2015)).

¶11.    The Court found that "[t]he Court may be able to overrule its own cases, but absent a showing beyond a reasonable doubt that a statute is unconstitutional, the Court may not overrule statutes" and that "Section 99-19-1 should dictate today's result." ***Id.*** at 868. The Court held: "the ***West*** Court's holding, as the Court continues to follow it, impermissibly abrogated Section 99-19-1, which was part of the same legislative act that created Section 99-19-33." ***Id.*** at 874. The Court continued: "As we do with ***West***, we overrule ***Daniels*** to the extent that it holds that Section 99-19-33 requires a sentencing court to apply a newer sentencing statute instead of the sentencing scheme in effect when a crime was committed." ***Id.*** And "Section 99-19-1 clearly requires the trial court to sentence an offender under a sentencing statute in place at the time of the crime." ***Id.*** Here, at the time of the commission of the crime, in May 2007, *see* ***Wells***, 160 So. 3d at 1139, the prior version of Section 41-29-139(b)(1) remained extant and prescribed a thirty-year maximum sentence for possession of cocaine with intent to distribute, irrespective of amount.

¶12.    Here, Wells's original sentence was imposed in 2009, when the maximum sentence prescribed for the crime of possession of cocaine with intent to distribute was thirty years. The ameliorative, or less severe, statute, which lowered the maximum penalty for possession of fewer than two grams of cocaine to eight years, did not take effect until 2014, more than

five years after Wells had received his initial, sixty-year sentence.[7] Despite the less-severe statute's having gone into effect more than eight months before this Court's 2015 decision handed down and more than eleven months before that case's mandate issued, this Court declined to address whether Wells's status as an habitual offender was affected by the more moderate sentencing statute.[8] Accordingly, this Court limited the remand to directing the trial court to "determine, in his discretion, whether to enhance Wells's sentence as a subsequent drug offender, or not." *Wells*, 160 So. 3d at 1146.

¶13.    Wells cites *Lampley v. State* for the proposition that Section 99-19-33 is "applicable to cases that are not yet final, including resentencing on remand." In that case, this Court had affirmed Lampley's rape conviction and life sentence on March 4, 1974, and had denied his motion for rehearing on April 8, 1974. *Lampley v. State*, 308 So. 2d 87, 88 (Miss. 1975) (citing *Lampley v. State*, 291 So. 2d 707 (Miss. 1974)). The legislature revised the applicable sentencing statute, which previously had dictated a mandatory life sentence, to require that the jury fix the penalty at life imprisonment, "and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine." *Lampley*, 308 So. 2d at 88-89 (quoting Miss. Code Ann. § 97-3-65 (Supp. 1974)).

---

[7] The maximum thirty-year sentence had been doubled by the sentencing judge, pursuant to Section 41-29-147.

[8] At the time of briefing, the statutory change had not gone into effect. After this Court's opinion handed down in February 2015, Wells timely filed a motion for rehearing in which he argued that the lesser penalty should have been applied, but rehearing was denied in April 2015.

¶14. Lampley had filed a petition for resentencing in the trial court on May 6, 1974, and the trial court denied it. *Lampley*, 308 So. 2d at 89. Because the new law did not become effective until after rehearing had been denied and the mandate had issued, this Court affirmed. *Id.* at 90. The Court noted that, while Section 99-19-33 "gives the trial judge the right to sentence one convicted of [a] crime after the law has been changed so as to permit a milder sentence before the conviction has become final," Section 99-19-1 "expressly provide[s] that the previous law will remain in effect for the purpose of providing punishment, unless otherwise specially provided in the new statute." *Id.* (citing Miss. Code Ann. § 99-19-1 (Rev. 1972)).

¶15. Wells seems to argue that the trial court should have sentenced him in accordance with the amended version of Section 41-29-139 because, unlike *Lampley*, his case had not been finalized prior to the statutory amendment. But, as noted above, this Court's decision in the present case specifically limited the trial court's consideration on remand to whether it would apply the subsequent-drug-offender enhancement. *Wells*, 160 So. 3d at 1146.

## CONCLUSION

¶16. Because the Circuit Court of the First Judicial District of Harrison County did not abuse its discretion in sentencing Wells as an habitual offender to thirty years without the possibility of probation or parole for possession of cocaine with intent to distribute, which was the maximum prison penalty at the time of Wells's original sentence, we affirm.

¶17. **REINSTATEMENT OF ORIGINAL SENTENCE OF THIRTY (30) YEARS PURSUANT TO SECTION 99-19-81, MISSISSIPPI CODE OF 1972, WITHOUT HOPE OF PAROLE OR PROBATION, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

9

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**