# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00923-COA

**CLONELLE SHIELDS A/K/A CLONELLE DEMARCUS SHIELDS A/K/A CLONELLE D. SHIELDS**　　　　　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERICH GREGG JERSCHEID |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION TO ADJUDICATE ELIGIBILITY FOR A PAROLE HEARING AND DISMISSED PETITION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 06/27/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.　　Clonelle Shields appeals the Madison County Circuit Court's dismissal of his petition for post-conviction collateral relief (PCCR) and the denial of his request for a parole-eligibility hearing. We find no error and affirm the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.　　On June 24, 2010, Shields pled guilty to three counts of business burglary, two counts of simple assault on a law enforcement officer, and possession of cocaine. The circuit judge

sentenced Shields as follows:

1.  Sentenced to seven years for business burglary, in cause number 2010-0155. However, after serving one day, release and place on five years of post-release supervision.

2.  Sentenced to seven years on each count of business burglary, in cause number 2010-0156, Counts I and II, as a habitual offender, with sentences to run consecutively, for a total of fourteen years.

3.  Sentenced to five years on each count of simple assault on a law enforcement officer, in cause number 2010-0494, Counts I and II.

4.  Sentenced to four years for possession of more than 0.1 grams but less than 2 grams of cocaine, in cause number 2010-0494, Count III.

5.  The simple assault and possession charges, in cause number 2010-0494, Counts I, II, and III[,] shall run concurrently with each other and concurrently with the sentences imposed on the burglary charges, in causes number 2010-0155 and 2010-0156, Counts I and II.

6.  Upon release from MDOC, serve five years of post-release supervision in cause number 2010-0155.

¶3.    On April 7, 2016, Shields filed a "Petition to Adjudicate Eligibility for Parole Hearing [and] for Leave to Correct/Review Sentence to Comply with Order." After a hearing on the petition, the circuit judge decided both issues and entered his Judgement of Dismissal and Order Denying Petition. On the first issue, parole eligibility, the circuit judge declined to recommend Shields to the Mississippi Parole Board for an eligibility hearing, pursuant to Mississippi Code Annotated section 47-7-3(1)(g)(iii) (Rev. 2015). This portion of the petition was denied.

¶4.    With regard to the alleged sentencing conflict, the circuit judge found that the petition did not fall within the exceptions to Mississippi Code Annotated section 99-39-5(2) (Rev.

2015). Thus, this portion of the petition was dismissed as time-barred. The circuit court further found that, notwithstanding the time-bar, it plainly appeared from the face of the petition that Shields was not entitled to any relief. Consequently, the court also dismissed the petition pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) of the Uniform Post-conviction Collateral Relief Act.

¶5. Shields appeals the circuit court's denial and dismissal of the requests set forth in his petition.

## STANDARD OF REVIEW

¶6. "We review the dismissal of a [PCCR] motion under an abuse-of-discretion standard." *Barnett-Phillips v. State*, 195 So. 3d 226, 228 (¶5) (Miss. Ct. App. 2016) (citation omitted). "We will only reverse if the circuit court's decision was clearly erroneous." *Id.* "We review questions of law de novo." *Id.*

## ANALYSIS

### I. Denial of Parole Recommendation

¶7. Shields first argues that the circuit court erred when it denied his request to proceed with a parole-eligibility hearing. He asserts that he completed twenty-five percent of his sentence, and therefore, he was entitled to a parole-board determination as a statutory liberty interest. The State of Mississippi contends that this appeal should be dismissed. The State argues that the circuit court's denial was not a final judgment from which Shields can appeal.

¶8. The first portion of Shields's petition is essentially a request for a parole recommendation. Section 47-7-3(1)(g)(iii) provides that "[a]ny offender who has not

3

committed a crime of violence under section 97-3-2 and has served twenty-five percent . . . or more of his sentence may be paroled by the parole board if . . . the sentencing judge . . . *authorizes the offender to be eligible for parole consideration*." (Emphasis added).

¶9.     In his brief, Shields recites the statutory language of section 47-7-3. He recognizes that a circuit judge must authorize a parole-eligibility hearing, yet he regards the requirement as a mere procedural step. Shields argues that the eligibility determination remains within the province of the parole board. While we agree that the eligibility determination does in fact rest with the parole board, we must note that Shields has skipped the first step in the parole-eligibility process. The parole board may only consider an offender for parole *after* a circuit judge has authorized him to attend an eligibility hearing before the parole board. Therefore, Shields's assertion that completion of twenty-five percent of his sentence automatically entitles him to an eligibility hearing is in error.

¶10.    This Court previously held that the language of section 47-7-3 "unambiguously provides . . . [a] circuit court judge [with] discretion to issue a positive or negative recommendation for parole eligibility." *Barnett-Phillips*, 195 So. 3d at 230 (¶15). The use of "may" rather than "shall" evinces the Mississippi Legislature's intent to vest the circuit judge with discretionary authority over parole recommendations to the parole board. *Id.*

¶11.    Here, the circuit judge considered Shields's extensive criminal history and declined to recommend parole eligibility. During the hearing, the circuit judge pointed out that Shields had five criminal convictions prior to receiving the six convictions now at issue. The circuit judge's recommendation is the first step. There is no need to consider whether the

4

parole board would ultimately determine that Shields is eligible for parole – he does not reach this secondary step.

¶12. Furthermore, this Court previously held "that the denial of a recommendation to the [p]arole [b]oard for an early release and/or parole, pursuant to section 47-7-3, 'fails to implicate an appealable judgment.'" *Id.* at (¶16) (quoting *Gamage v. State*, No. 2015-CP-00593-SCT (Miss. Oct. 8, 2015) (en banc order)). Thus, the order denying Shields's request is not a final judgment and therefore not an appealable order. This claim is without merit.

## II. *Petition for PCCR*

¶13. Shields next challenges the circuit court's dismissal of his petition for review and correction of his sentencing order. He asserts that the circuit judge erred when he dismissed the petition. The State argues that Shields's petition was time-barred and therefore the dismissal was proper. We agree.

¶14. "Under . . . section 99-39-5(2) . . . , a movant has three years to file a [PCCR] motion, and failure to file a [PCCR] motion within the three years is a procedural bar." *Wood v. State*, 200 So. 3d 491, 493 (¶6) (Miss. Ct. App. 2016) (citation omitted). Shields pled guilty and was sentenced on June 24, 2010. He did not challenge his sentence until April 7, 2016, more than five years later. The petition is time-barred.

¶15. "However, 'there are several statutory and judicially created exceptions to the legislatively imposed time-bar. Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the movant can demonstrate new evidence [previously] not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired

sentence.'" *Id.* at (¶7). Also excepted are "errors affecting fundamental constitutional rights." *Id.* (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)) (citation omitted). "The movant bears the burden to prove [that] an exception applies." *Id.* (citation and quotation marks omitted).

¶16.    Here, Shields claims no exception to the procedural time-bar. Instead, in an attempt to advance his position, he mischaracterizes the holding in *Armstead v. State*, 503 So. 2d 281, 284 (Miss. 1987). He argues that he received multiple punishments under the same sets of operative facts, which he asserts was plain error. Further, he claims that combining the sentences was a violation of Mississippi Code Annotated section 99-19-21 (Rev. 2015).

¶17.    In *Armstead*, the Mississippi Supreme Court held that a defendant could be prosecuted for two separate charges even if the charges "arise out of the same occurrence or sequence of events . . . ." *Armstead,* 503, So. 2d at 284. It further held that "upon such convictions, separate and consecutive sentences may be imposed." *Id.* Moreover, section 99-19-21 grants the circuit court the discretion to allow subsequent convictions to "commence either at the termination of the imprisonment for the preceding conviction or [to] run concurrently with the preceding conviction." Miss. Code Ann. § 99-19-21(1).

¶18.    Notwithstanding the procedural time-bar, the circuit judge correctly held that the petition was subject to dismissal on its face. In his petition, Shields asserted that his sentencing order was ambiguous. This contention does not fall within the exceptions set forth in section 99-39-5(2). We find no error and affirm the circuit court's dismissal of Shields's petition for PCCR.

¶19.   **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**